SMITH et al., *Appellants*, v. SIMPSON.

1.  **Justices of the Peace**: JURISDICTION, WANT OF. Justices of the peace have no jurisdiction of causes in which both plaintiff and defendant are non-residents of the county in which the action is brought. (R. S., § 2839,) nor do the suing out and service by defendant of subpœnas for witnesses, and the filing of a motion by him to rule the plaintiff to security for costs before moving to dismiss for want of jurisdiction, constitute such an appearance as to confer jurisdiction on the justice.

2.  ———— : ————. *Semble,* that consent even could not give jurisdiction in such a case.

*Appeal from Madison Circuit Court.*—HON. JAMES D. FOX, Judge.

AFFIRMED.

*B. B. Cahoon* for appellant.

The justice had jurisdiction of the subject matter of the suit. R. S. 1879, § 2835. And the action of the defendant in subpœnaing witnesses and in filing a motion to rule the plaintiff to give security for costs, constituted such an appearance in the cause, as to give jurisdiction of his person. R. S. 1879, §§ 3052, 2849, 2837, 348; *Page v. Railroad Co.,* 61 Mo. 79; *Bohn v. Devlin,* 28 Mo. 319; *Orear v. Clough,* 52 Mo. 56; *Dellinger v. Higgins,* 26 Mo. 182; *Hembree v. Campbell,* 8 Mo. 572; *Chouteau v. Allen,* 70 Mo. 353; *Peters v. Railroad Co.,* 59 Mo. 408; *Fedder v. Schroeder,* 59 Mo. 366; *Griffin v. Van Meter,* 53 Mo. 431; *Market St. B'k v. Stump,* 2 Mo. App. 547; *Davis v. Wood,* 7 Mo. 162; *Meyers v. Woolfolk,* 3 Mo. 246; *Barnett v. Lynch,* 3 Mo. 261;

*Hurlett v. Nugent,* 71 Mo. 135 ; *Evans v. King,* 7 Mo. 411 ; *Whiting v. Budd,* 5 Mo. 447; *Griffin v. Samuel,* 6 Mo. 50 ; *Atwood v. Reyburn,* 5 Mo. 533.

*Jno. E. F. Edwards* for respondent.

EWING, C.—This is a suit commenced before a justice of the peace in St. Michael township, Madison county, by summons, which was returned by the constable as served in St. Michael township, Madison county.

It appears that, at the time, plaintiffs were residents of Bollinger county, and the defendant a resident of St. Francis county. The suit was to recover $25 for the alleged conversion of a " steer" by the defendant. Prior to the return day of the summons the defendant procured subpœnas for his witnesses to be issued by the justice; had himself appointed special constable for the service thereof; and on the return day of the summons the defendant made return, in writing on the subpœna, of the service thereof on his witnesses, who also resided in St. Francis county, and marked his fees thereon, $3.85, for serving them. On the return day the defendant filed a motion to rule the plaintiffs to give bond for costs, upon the grounds as follows : "The defendant, for the one purpose only, comes and moves the court to require plaintiffs to give security for costs, 1st, Because plaintiffs are not residents of said county. 2nd, That plaintiffs have no property in said county subject to execution." The bond for costs was thereupon given. Whereupon the defendant filed his motion to dismiss, (appearing, as alleged in the motion, for that purpose only,) " upon the ground that the court is without jurisdiction of the person of both the plaintiffs and defendant; the former being residents of Bollinger county, and the latter a resident of St. Francis county." The justice of the peace overruled this motion ; the defendant retired, and judgment was taken against him by default, from which he appealed to the circuit court. On the calling of the case in the circuit court, the defendant renewed his motion to dismiss for want of

jurisdiction, for the same reasons set forth above, which motion was sustained, and the plaintiffs appealed to this court.

In support of the motion to dismiss, the evidence on both sides tended to show, and it was admitted, that neither plaintiffs nor defendant were residents of Madison county.

I.   Under this state of facts, it is insisted by the appellants that there was such appearance by the defendant as waived the question of jurisdiction.   That filing motion for costs, procuring the issue of subpœnas for witnesses, preparing for trial, and being present on the day of trial with his witnesses, is a waiver of the jurisdiction of the court.   That the action of the court in sustaining the motion to dismiss was error; and cites section 3052, Revised Statutes 1879, as being decisive of the question.   That section is as follows:   " Upon the return of the justice being filed in the clerk's office, the court shall try and determine the same anew, without regarding any error, defect or other imperfection in the original summons, or the service thereof, or on the trial, judgment, or other proceedings of the justice or constable in relation to the cause."   I cannot agree with the learned counsel for appellants in the construction of this section.   The errors, defects and imperfections refer to the informality of the summons, or the service thereof, on the defendant; or to some informality in the service of papers by the constable or justice in the trial, or in making up his judgment.   It would hardly be contended, that if no service or appearance of the defendant appeared upon the transcript of the justice, and an appeal was granted on his application, the circuit court could acquire jurisdiction and try the case, unless the defendant should come into court and enter his voluntary appearance, or should so move in the case that his act would waive the necessity of summons.   That would amount to judgment without notice, which our law does not permit.   And, therefore, the section quoted does not apply in a case like this.   Here it is a question of jurisdiction of the person which cannot

be acquired, unless with notice, or a waiver thereof, either directly or constructively.

II.   But the main question in this case is, did the justice have jurisdiction at all, even though the summons and its service were ever so formal.   It is well settled that courts of inferior and limited jurisdiction, not proceeding according to the course of the common law, are confined strictly to the authority given.   *State v. Metzger*, 26 Mo. 65; *Hansberger v. Pacific R. R. Co.*, 43 Mo. 196; 9 Wheat. 549.   Justices of the peace then must get their authority from the statute.   That fixes the manner and place of bringing the suit, and prescribes the territorial jurisdiction in which suits before justices may be maintained.   Section 2839, Revised Statutes, provides that: " Every action shall be brought before some justice of the township, either:  1st, Wherein the defendants, or one of them, resides, or in any adjoining township; or, 2nd, Wherein the plaintiff resides, and the defendant, or one of them, may be found; 3rd, If the defendant is a non-resident of the county in which the plaintiff resides, the action may be brought before some justice of any township in such county where the defendant may be found; 4th, If the defendant in any action is a non-resident of the State, or has absconded from his usual place of abode, the action may be brought before any justice in any county in this State wherein the defendant may be found."   The third sub-division of this section is, that alone under which suit may be commenced, in a case where the defendant is a non-resident of the county wherein the plaintiff resides.   The phrase "such county," in that sub-division, must refer to the county wherein the plaintiff resides.   It cannot refer to *any* county wherein defendant may be found, because that contingency is provided for in the fourth sub-division, under which you may sue when the defendant is a non-resident of the State.   So that the third sub-division must govern, if any, because the defendant is a resident of the State, and hence could not be sued under the fourth clause.   He was not served with process in the

county where he resides, as required under the first and second clauses, nor was the suit in the county where the plaintiff resides and where the defendant "may be found." But not being sued in "such county" where the defendant " may be found," which we have seen under the third clause must be the county where the plaintiff resides, we must conclude that even the third clause of this section did not authorize the commencement of this action. And there is no statute, that I am aware of, which authorizes a plaintiff, resident of one county, to sue a defendant, resident in a different one, in a third county where neither plaintiff nor defendant resides.

In *Peery v. Harper*, 42 Mo. 131, the plaintiff commenced his suit in Polk county; one of the defendants, Smith, resided in Henry county, and the other defendant, Harper, in Saline county. Harper filed his answer stating that neither plaintiff nor defendants resided in Polk county, and prayed that the case be dismissed. This answer was stricken out, and judgment rendered against defendants. Wagner, J., in delivering the opinion of the court, said: "If the answer was true, it divested the court of all jurisdiction. Under the law governing the case when the plea in abatement was found for the defendant, the whole proceedings should have been abated; but even on the theory on which the case was tried, that it was regulated and controlled by the 42nd section of the attachment act of the General Statutes, the judgment was erroneous; for that section declares that, when issue joined on plea in abatement is found in favor of defendant, the suit shall not abate, but shall be proceeded upon to final judgment as though commenced originally by summons alone. Now this practice act provides that in suits instituted by summons, they shall be brought when the parties all reside in the State, either in the county within which the defendant resides, or in the county within which the plaintiff resides and the defendant may be found. One of the parties must reside in

the county where suit is brought, in order to confer juris-diction." *Hembree v. Campbell*, 8 Mo. 572.

In the case at bar, before a court of limited jurisdiction, there was no such appearance as would waive jurisdiction; nor do we think the appearance would, even in a court of general jurisdiction, be sufficient, under the facts of this case, to give such court jurisdiction. The federal courts are limited by statute in their jurisdiction as to the person. Two citizens resident in this State, cannot confer jurisdiction on those courts in a suit between themselves by consent. No power exists in those courts to adjudicate questions between individuals residing in the same state, and notwithstanding they should consent that that court might try the controversy, yet that would not confer jurisdiction, and such case would be stricken from the docket.

The judgment of the circuit court must be affirmed. All concur