ELIAS THOMPSON,   Respondent, *v.* MELVIN BRONSON, Appellant.

### April 21, 1885.

1. REPLEVIN—JURISDICTION.—An action for the claim and delivery of specific personal property cannot be brought in the county where the defendant and the property may be found, but in which neither of the parties to the suit resides.

2. —— ABATEMENT—PLEADING—PRACTICE.—In such an action, a plea in abatement raising a question of jurisdiction may be made in the answer.

APPEAL from the Knox County County Circuit Court, TURNER, J.

*Reversed and dismissed.*

O. D. JONES, for the appellant:   The court had no jurisdiction.—Rev. stats. sect. 3481; *Bank* v. *Knox*, 47 Mo. 333; *Graham* v. *Ringo*, 67 Mo. 324.   A plea to the jurisdiction and an answer to the merits may be joined. —*Byler* v. *Jones*, 79 Mo. 261.

W. C. HOLLISTER, for the respondent.

ROMBAUER, J., delivered the opinion of the court.

The first point arising upon this record, which we are called upon to consider, is whether the court below had jurisdiction of the person of the defendant.

It is an action of claim and delivery of personal property, instituted in Knox county, and the answer of defendant, among other defences, contains a plea to the jurisdiction of the court, stating, that at the time when the suit was commenced, the plaintiff and all the defendants were not residents of Knox county, but of Lewis county in this state.

It appears by the sheriff's return, and by the uncon-

troverted testimony, that the property replevied, was at the date of the institution of the suit in Knox County, and that the defendant Bronson, the only defendant served, was in possession of the property, and was served in Knox County, It also appears, however, by the testimony of the plaintiff, that neither himself nor any of the defendants was at said date a resident of Knox county, but all were residents of the county of Lewis.

It is settled in this state now, that a plea to the jurisdiction of the court may be properly joined with a plea to the merits in the same answer.—*Byler* v. *Jones*, 79 Mo. 261. In fact all pleas in abatement, except in attachment suits wherein separate pleas in abatement are specially authorized, may be joined in the same answer with pleas to the merits, and are not waived by the joinder.—*Little* v. *Harrington*, 71 Mo. 391.

As the facts upon which the want of jurisdiction of the trial court depended, did not in the case at bar appear upon the face of the petition, the plea to the jurisdiction, if justified by the facts, was properly made by answer. The objection being thus made it became the duty of the court to dismiss the suit, if upon the uncontroverted facts it appeared as a matter of law that it had no jurisdiction of defendant's person. The question for our consideration therefore, is, whether the action was properly brought in Knox County, it being conceded by the testimony, that both plaintiff and defendant, though residents of this state, were non-residents of said county at the date of the institution of this suit.

It is claimed by respondent, that the action was properly brought in Knox county, because the property claimed and the defendant served were found in that county.

This claim is not tenable. Our statute provides that suits by summons, when the defendant is a resident of the state, shall be brought "either in the county within which the defendant resides or the county within which the plaintiff resides, and the defendant may be found." —Rev. Stat., sect. 3481. Actions for the claim and delivery of personal property, are not excepted from this

provision of the statute, either expressly or by implication. The mere inconvenience to which a plaintiff may be subjected in bringing his action when the defendant resides in one county and the property in his possession and sought to be reached is, in another, cannot abrogate a positive statutory mandate. Nor is there in fact any great inconvenience even in such cases. The plaintiff obtains an order upon the defendant, for the delivery of the property to him, and when the court has jurisdiction of the defendant's person it can enforce this order like any other order of the court, regardless of the fact whether the property is within the county or not.—Rev. Stat., sects. 3845 and 3861. When judgment is obtained execution can issue to the sheriff of the county where the property is situated, requiring him to deliver possession thereof to the party entitled thereto. Thus it will be seen, that the law has made ample provision for similar cases.

It appearing by the unquestioned facts that the trial court had no jurisdiction of defendant's person, it committed error in not sustaining defendant's plea to the jurisdiction. Its judgment, therefore, is reversed and the cause dismissed. All the judges concur.