JOHN R. DENNIS, Appellant, v. C. TOM BAILEY, Respondent.

Kansas City Court of Appeals, February 1, 1904.

1. **JUSTICES' COURTS: Replevin: Jurisdiction: Residence.** A justice of the peace has no jurisdiction to replevin property in his township where both parties are non-residents of his county; and under section 4486, Revised Statutes 1899, the jurisdiction in such case is alone in a court of record.

2. **JURISDICTION: Appearance.** Where a court has no inherent jurisdiction of the subject-matter the appearance of the parties at the trial will not confer such jurisdiction.

Appeal from Sullivan Circuit Court.—*Hon. John P. Butler,* Judge.

AFFIRMED.

*Wilson & Clapp* and *M. Bingham* for appellant.

(1)　The justice had jurisdiction of the subject-matter of the action.　Griffin v. Van Meter, 53 Mo. 430; Rosenheim v. Hartsock, 90 Mo. l. c. 365; Hagerman v. Sutton, 91 Mo. l. c. 531; Stearns v. Railroad, 94 Mo. l. c. 322; Posthlewaite v. Ghiselin, 97 Mo. l. c. 424; State ex rel. v. Smith, 104 Mo. 419; Spurlock v. Railroad, 104 Mo. 658; Hope v. Blair, 105 Mo. l. c. 93; State ex rel. v. Neville, 110 Mo. 345; Musick v. Railroad, 114 Mo. 309; Howland v. Railroad, 134 Mo. l. c. 479; Livingston v. Allen, 83 Mo. App. 294; Railway v. Lowder, 138 Mo. 533; Meyer v. Ins. Co., 92 Mo. App. 392; Jaco v. Railroad, 94 Mo. App. 567; Eckerle v. Wood, 95 Mo. App. l. c. 386.　(2)　Having taken out subpoenas, filed and argued motions other than to dismiss for want of jurisdiction, and having elected to stay in court and try the case on its merits after his motion to dismiss for want of jurisdiction, was overruled, the defendant waived jurisdiction of his person.　Schlatter v. Hunt, 1 Mo. 651; Hembree v. Campbell, 8 Mo. 572; Bohn v. Devlin, 28 Mo. 319; Orear v. Clough, 52 Mo. 55; Peters v. Railroad, 59 Mo. 406; Ivey v. Yancey, 129 Mo. l. c. 572; Baisley v. Baisley, 113 Mo. l. c. 551; State ex rel. v. Spencer, 164 Mo. l. c. 54; Davidson v. Hough, 165 Mo. l. c. 572; Speer v. Burlingame, 61 Mo. App. 75; Hardware Co. v. Riddle, 84 Mo. App. 275; State ex rel. v. Shelton, 84 Mo. App. l. c. 639; Jones v. Railroad, 89 Mo. App. l. c. 661. (3)　When a party appears specially to object to the jurisdiction of the court over him, and his objection is overruled, if he wishes to still insist upon his objection he must keep out of court for all purposes except to make his objection.　By appearing afterwards and contesting the case on the merits, he loses his right to contest the ruling of the court below on his objection to the jurisdiction on appeal.　Work on jurisdiction of Courts, sec. 22; Speer v. Burlingame, 61 Mo. App. l. c. 83; Tower v. Moore, 52 Mo. 118.

*O. G. Williams* and *E. R. Bane* for respondent.

(1)   Both plaintiff and defendant being non-residents of Sullivan and residents of Grundy county, Missouri, the justice in Sullivan had no jurisdiction under section 3839, Revised Statutes.    (2)   Being an action in replevin, where the property was in a county other than the residence of both parties, the circuit court of the county where the property is situated had exclusive original jurisdiction.   Section 4486, Revised Statutes. (3)   The justice court being one of limited jurisdiction, created by statute, its powers limited and defined by statute strictly with the letter thereof, the lack of jurisdicion was and is inherent, and even though the circuit court was not possessed of exclusive jurisdiction, even consent of the parties could not vest the justice with jurisdiction.    (4)   There is no waiver in this case. Pearce v. Calhoun, 59 Mo. 1. c. 273; Cones v. Ward, 47 Mo. 1. c. 290; Tittering v. Hooker, 58 Mo. 593; Wernecke v. Kenyon, 66 Mo. 283; Ensworth v. Curd, 68 Mo. 282; Julian v. Ward, 69 Mo. 153; Wernse v. McPike, 76 249.

SMITH, P. J.—The facts agreed in this case are as follows:

"That this cause, originated before O. G. Allen, a justice of the peace of Bowman township, Sullivan county, Mo., and that it is a replevin suit for three head of cattle and 68 bushels of black oats valued at $99 in the affidavit.   That said cattle were in said Bowman township, Sullivan county, State aforesaid, at the time of the institution of this suit and was seized under the writ of replevin in said township by the constable thereof. That at the time of the institution of said suit both plaintiff and defendant were and now are residents of Grundy county, Mo.   And that at the trial before the said O. G. Allen the plaintiff and defendant, both in person and by attorneys, appeared before the said Allen and tried said

cause by introducing evidence on the merits and arguing the case before the said Allen, the defendant first having appeared for the purpose of the motion only, filed a motion before said justice to dismiss and refuse to consider the cause for the reason that both plaintiff and defendant being non-residents of Sullivan county, Mo., and residents of Grundy county, Mo., the court therefore had no jurisdiction to hear or determine the cause. This motion the court overruled after which the parties proceeded to trial as above set out. The judgment of the justice was for the defendant and plaintiff appealed.

In the circuit the defendant renewed his motion to dismiss, the grounds thereof being the same as those contained in that filed before the justice, that is to say: that it being admitted of record that neither plaintiff nor defendant were residents of or lived in Sullivan county, the court by reason thereof was without jurisdiction to try the cause. This motion was sustained and judgment was given accordingly for the defendant, and from which the plaintiff appealed here. The sole question thus arising is whether or not the justice had jurisdiction? The jurisdiction of the circuit court was not original but derivative. If the justice was without jurisdiction it—the circuit court—had none.

It is well settled that justice's courts have only such jurisdiction as is expressly conferred upon them by statute. Bank v. Doak, 75 Mo. App. 332; Brownfield v. Thompson, 96 Mo. App. 1. c. 342. If the justice before whom the action was brought had jurisdiction it was conferred by section 3839, Revised Statutes, which provides:

"Every action recognizable before a justice of the peace shall be brought before some justice of the township, either, first, wherein the defendants, or one of them resides, or in any adjoining township; or, second, wherein the plaintiff resides, and the defendants or one of them may be found; third, if the defendant is a non-

resident of the county in which the plaintiff resides, the action may be brought before some justice of any township in such county where the defendant may be found; fourth, if the defendant is a non-resident of the State, or has absconded from his usual place of abode, the action may be brought before any justice in any county in this State wherein the defendant may be found. . . ."

It thus plainly appears that in a case like this where neither party is a resident of the county in which the action is brought that the statute confers no jurisdiction on the justice. By reference to article 6, chapter 43, Revised Statutes, it will be seen that the jurisdiction conferred by said section 3839 in no way is widened or extended by its provisions.

Smith v. Simpson, 80 Mo. 634, was where the residence of the plaintiff was Bollinger county and that of the defendant was St. Francois county. The action was begun before a justice of the peace of Madison county. In the course of the opinion by the court it was said: "Justices of the peace then must get their authority from the statute. That fixes the manner and place of bringing the suit, and prescribes the territorial jurisdiction in which suits before justices may be maintained. And there is no statute that I am aware of which authorizes a plaintiff, resident of one county to sue a defendant, resident of a different one, in a third county, where neither plaintiff nor defendant resides." Thompson v. Bronson, 17 Mo. App. 456, was where the action which was begun in Knox county for the recovery of the possession of property situate in that county and both parties to the action were residents of Lewis county. It was contended that the action was properly brought in Knox county for the reason that the property was found there. The court declined to uphold the contention, saying, "our statute provides that suits by summons, when the defendant is a resident of the State shall be brought, either in the county within which the defendant resides or the county within which

the plaintiff resides and the defendant may be found. Revised Statutes 1879, section 3481. Actions for the claim and delivery of personal property are not excepted from this provision of the statute, either expressly or by implication.

The next succeeding section to that just referred to, that is to say, section 3482, Revised Statutes 1879, provided: "Suits commenced by attachment against the property of a person shall be brought in the county in which such property may be found." In 1887—Acts 1887, p. 229—this section was amended so as to read as follows: "Suits commenced by attachment against the property of a person, or in replevin or claim and delivery of personal property, where the specific property is sought to be recovered, shall be brought in the county in which such property may be found, and in all cases where the defendant in the actions in replevin or claim and delivery of personal property, is a non-resident of the county in which the suit is brought, service shall be made on him as under like circumstances in suits by attachment." This section as thus amended was carried into the revision of 1889 as section 2010 and made a part of article 3, chapter 33, of the Code of Civil Procedure. In the revision of 1899 the section was not only permitted to remain a part of the Code of Civil Procedure (article 3, chapter 8, Revised Statutes 1899) but was also bodily incorporated in chapter 86, relating to actions of replevin in courts of record, as section 4486.

It is thus seen that by the provisions of said section 4486, ante, that all actions for the claim and delivery of personal property (when it is sought to recover specific personal property) shall be brought in some court of record of the county where the property may be found, and when the defendant in such actions is a non-resident of the county in which the suit is brought, service may be made on him as under like circumstances in suits by attachment, or which, in other words, is the same thing, the exclusive and original jurisdiction in

actions of replevin when both parties reside in a county or counties other than that in which the property is found is made to vest in the circuit court or some other court of record of the latter county. It results that in an action of replevin where the residence of the parties and the *situs* of the property is as here, that a justice has no jurisdiction.

After the adoption of said section 4486, supra, in an action of this kind where the residence of the parties and the *situs* of the property is as it is here conceded to be, it was not cognizable before a justice of the peace. In such cases the jurisdiction was by that section exclusively lodged in the courts of record of the county where the property was found, without reference to the value thereof or the amount of damages for the injury thereto, etc. If prior to the adoption of said section 4486 justices of the peace under any conditions had jurisdiction in an action of replevin where the residence of the parties, *situs* of the property, its value, etc., was as here, they were shorn of that jurisdiction by its adoption. After its adoption such actions were required to be brought in some court of record in the county where the property was to be found. Thereafter, justices of the peace had no more jurisdiction in such cases than in actions against an executor or administrator, or in slander, libel, malicious prosecution, false imprisonment, ejectment or in strictly equitable procedure. Section 4486, as already stated, is identical with section 563 of article 3, chapter 8 of the Code of Civil Procedure. Section 562 of this article and chapter provides where suits in courts of record shall be brought, and said section 563 was, no doubt, enacted to remedy or supply the defect, imperfections and insufficiency, not only in the former but also in section 3899 of article 2, chapter 43, Revised Statutes, relating to jurisdiction of justices of the peace as indicated by the adjudicated cases to which previous reference has been made. This action was accordingly brought in the wrong court—a court that

was without jurisdiction of it. The lack of jurisdiction was inherent.

If this was so it is plain that the mere fact that the defendant appeared to the action and proceeded to the trial on the merits could not have the effect to waive the lack of jurisdiction any more than if the action had been that of slander, ejectment or some other of which the justice had no jurisdiction. The numerous cases relating to jurisdiction and waiver cited and relied on by the plaintiff are without application to a case of this kind where the lack of jurisdiction in the court is inherent.

Our conclusion is, that the ruling and judgment of the trial court was not erroneous, and accordingly must be affirmed. All concur.