## J. FRANK GRANT, Respondent, v. W. H. STUBBLE-FIELD, JR., Appellant.

St. Louis Court of Appeals, Submitted April 21, 1909. Opinion Filed June 22, 1909.

1. JURISDICTION: Justices of the Peace: Replevin. Where an action of replevin is brought before a justice of the peace in one township and the writ is returned as executed in another township, and there is nothing in the record to show that the justice had jurisdiction of the cause under section 3839, Revised Statutes 1899, the lack of jurisdiction is inherent and is not waived by the appearance of the parties at the trial.

2. REPLEVIN: Issues: Verdict. Replevin is a possessory action and the issues to be determined are the right of possession, and the unlawful detention by the defendant. A verdict which is not responsive to both issues is ground for reversal.

Appeal from the Scotland Circuit Court.—*Hon. Henry C. Riley,* Judge.

REVERSED AND REMANDED.

*S. H. DeWhirst* and *Frank Kelly* for appellant.

In Bank v. Doark, 75 Mo. App. 332, an attachment case begun before a justice of Missouri township, writ levied in Cedar township, and it did not appear that the townships joined.

*H. C. O'Bryan* for respondent.

REYNOLDS, P. J.—This is an action in replevin, commenced before a justice of the peace, in Moreland township, Scott county, Missouri. The writ is returned

as executed in Sylvania township, Scott county, and there is nothing in the record to show that the justice before whom the suit was instituted, had jurisdiction of the cause. After a protracted trial in the circuit court, the jury returned a verdict in the following form: "We, the jury, find at the time of the institution of this suit the plaintiff was entitled to the possession of one black colt two years old and one black colt one year old, that they are of the value of one hundred and fifty dollars, and plaintiff has been damaged by the taking and detention in the sum of no dollars."

We are obliged to reverse this case for two reasons: First, it does not appear that the action was within the jurisdiction of the justice of the peace by reason of the residence of either of the parties. Whatever jurisdiction the justice had must be derived from section 3839, Revised Statutes 1899, and unless the facts of jurisdiction under this section are made to appear in the case, the lack of jurisdiction is inherent, and the appearance of the parties and going to trial on the merits, either before the justice or in the circuit court, would not have the effect to waive the lack of jurisdiction. [Dennis v. Bailey, 104 Mo. App. 638; Barnes v. Plessner, 121 Mo. App. 677.] The abstract of the proceedings in the case are so indefinite on the subject of residence of the respective parties, that we would be justified in reversing the case outright, but for the fact that a reading of the testimony satisfies us that the plaintiff should not be thrown out of court on the facts in evidence, if the jurisdiction of the court can be maintained.

The second reason compelling a reversal lies in the form of the verdict. Replevin is a possessory action; it must be brought by the party entitled to the possession and against the party in whose possession the property is found, and the verdict of the jury must be responsive, clearly and unmistakably so, on two issues: first, the right of possession of plaintiff; second, that the defendant wrongfully detains or is wrong-

fully in possession of the property at the time of the institution of the action. The verdict in this case, as will be seen, while responding to the question of right of possession, as far as plaintiff is concerned, does not respond to the issue as to whether or not the defendant was in possession or wrongfully detained the property. This identical proposition in the form of a verdict in almost identically the same language as the verdict in this case, was very recently before this court and decided in the case of Barnes v. Plessner, in which an opinion was filed in this court May 11, 1909, not yet reported. The proposition was thoroughly considered and the decision is that a verdict in the form here returned cannot stand.

The judgment of the circuit court of Scott county is reversed and the cause remanded. All concur.