## PRYOR L. YOAKUM, Respondent, v. SAMUEL DAVIS, Appellant.

### Kansas City Court of Appeals, March 4, 1912.

1. **ACTIONS: Where Brought: Circuit and Justice Courts.** Under the statute as to the venue of actions generally, neither the circuit court nor justices of the peace has jurisdiction in a county where the defendant does not reside.

2. ——: ——: ——: **Replevin.** Actions of replevin before a justice of the peace, must be brought in the county where the property is found; though the defendant may reside in another county.

3. ——: ——: ——: ——: **Tenants in Common.** One tenant in common of personal property cannot maintain an action of replevin against his co-tenant.

4. ——: ——: ——: **Trees, Property in: Adjoining Proprietors: Division Line.** Trees standing on the dividing line between adjoining landowners, their trunks extending into the land of each, they are joint owners in common; and if small twigs, as a hedge for a fence, should be set along the dividing line and wholly on the side of the owner putting them out, they would be his property; yet, when their bodies grew into such size as to crowd across the line onto the land of the other owner, they would become the property of both.

5. ——: ——: **Adverse Possession: Right of Action.** Replevin cannot be maintained as a means of trying the title to real estate; and if one claims to own land by adverse possession and cuts trees thereon and makes fence posts of them, the true owner cannot maintain replevin.

Appeal from Lafayette Circuit Court.—*Hon. Samuel Davis,* Judge.

REVERSED AND REMANDED.

*F. P. Divelbliss, J. L. Farris, Jr., M. G. Roberts* and *Charles Lyons* for appellant.

(1) The justice had no jurisdiction. Smith v. Simpson, 80 Mo. 634; Dennis v. Bailey, 104 Mo. App. 638; Harris v. Merdith, 106 Mo. App. 586; Barnes v.

Plessner, 121 Mo. App. 677; Grant v. Stubblefield, 138 Mo. App. 555. (2) One joint owner of personal property can not maintain replevin against his co-owner. Gray v. Parker, 38 Mo. 160; Cross v. Hulett, 53 Mo. 397; Lisonby v. Phelps, 71 Mo. 522; Pulliam v. Burlingame, 81 Mo. 111; Ingals v. Ferguson, 138 Mo. 358; Upham v. Allen, 73 Mo. App. 228; Miller v. Crigler, 83 Mo. App. 406; Kelley v. Vandiver, 75 Mo. App. 435; Bryant v. Dyer, 96 Mo. App. 455. (3) The posts in controversy were cut from a hedge fence standing on the line between the lands of plaintiff and defendant, and were therefore the common property of both, and not subject to replevin. 1 Wash Real. Prop. (3 Ed.), sec. 7; Griffin v. Bixby, 12 N. H. 454, 37 Am. Dec. 225; Dubois v. Beaver, 25 N. Y. 123, 82 Am. Dec. 326; Scarborough v. Wodill (Cal.), 93 Pac. 383; Harndon v. Stultz (Iowa), 100 N. W. 329; Quillen v. Betts (Del.), 39 Atl. 595; Phillips v. Brittingham (Del.), 77 Atl. 964.

*Chapman & Hanger* and *C. A. Keith* for respondent.

(1) A fence not built on the boundary line between two landowners, but on the builder's own land, is not a division fence under the statute and cannot become one. Jeffries v. Burgin, 57 Mo. 327; Sims v. Field, 74 Mo. 138. (2) If a party builds at his own expense a fence separating his land from his neighbor's, whether it be on the line or not unless the necessary steps are taken under our statute to make it a division fence, it remains the exclusive property of the builder. Demetz v. Benton, 35 Mo. App. 559. (3) Under section 6468, R. S. 1909, any person can build and own a hedge fence right on the line between his and another's land. (4) Where the record is silent as to jurisdictional facts in the inferior court and does not show a want of jurisdiction, and appearance entered both there and in superior courts without objection

to the jurisdiction the presumption will prevail that the superior court had jurisdiction. Kellogg v. Linger, 60 Mo. App. 571; Edwards v. Smith, 16 Colo. 529; Schrader v. Hoover, 87 Ia. 654; Warsen v. Glynn, 37 N. H. 340; Mason v. Alexander, 44 Oh. St. 318.

ELLISON, J.—Plaintiff's action is replevin for a lot of fence posts found in Ray county, Missouri, and was begun before a justice of the peace for Knoxville township, Ray county. The judgment in the circuit court, on appeal, was for the plaintiff.

Plaintiff was a resident of the state of Kansas, and defendant of Caldwell county, Missouri. It is therefore evident that if we view the case as an ordinary action begun before a justice of the peace in Ray county, that court had no jurisdiction, since plaintiff, being a non-resident, should have brought his action in the county where the defendant resided. [Sec. 7399, R. S. 1909.]

But the action is in replevin and section 7759, R. S. 1909, applicable to justice courts, provides that in replevin the action must be brought in the county where the property is. This is shown by the requirement that the statement must allege that the property is detained in the county where the suit is brought. So the statute under the general practice act, applicable to circuit courts (Sec. 1752 and 2660) requires the action to be brought in the county where the property is found.

It is clear that the provision requiring actions in replevin before a justice of the peace to be brought in the county where the property is, will give jurisdiction to a justice of that county, though the defendant does not reside and is not found there. It will be noticed that in sections 1752 and 2660, though under the heading of the civil practice act, it is provided that "in *all* cases" where the defendant is a non-resident of the county "service should be made on him as un-

der like circumstances in suits by attachment." If this should be held to cover cases brought before a justice, and we do not see why it should not, then notice in such instance would be given under the provisions of the attachment statute applicable to justices, as set out in sections 7646-7649.

In Thompson v. Bronson, 17 Mo. App. 456, an action brought in the circuit court, it was held that where both plaintiff and defendant were non-residents of the county in which the property was found, that court had no jurisdiction. But that case was decided prior to the amendment of the statute requiring such actions in the circuit court to be brought in the county where the property is. [Allen v. Ry. Co., 38 Mo. App. 294.] But the same thing was decided by us in an action begun before a justice of the peace. [Dennis v. Bailey, 104 Mo. App. 638.] In making such decision, replevin was treated as an ordinary action, and the case was disposed of as though the general statute directing where suits shall be brought before justices of the peace (Sec. 7399, R. S. 1909), was all there was on the subject; entirely overlooking the special provision (Sec. 7759) providing for suits in replevin. By this oversight, that case was erroneously decided. It is said in that case that the circuit court was the only tribunal where an action of replevin could be instituted where the defendant did not reside in the county where the suit was brought, yet it must be remembered that there is no more authority for bringing a suit in the circuit court in a county where neither the plaintiff nor the defendant resides than there is in the justice's court. And it has been held that an ordinary action in the circuit court by a resident of one county against a resident of another county, brought in a third county, cannot be maintained for want of jurisdiction, and that an appearance of parties will not confer purisdiction. [Smith v. Simpson, 80 Mo. 634; Peery v. Harper, 42 Mo. 131.] The statute now makes exception

to that rule in cases of replevin in the circuit court; and, as we have pointed out, it makes the same exception in actions in replevin in a justice's court.

There were several objections which amendments will obviate. Among these are some to jurisdiction, made on account of ommissions in the record showing matters of jurisdiction affirmatively: including where the constable found the property and as to the township of the justice, adjoining townships, etc. These we will not notice further, since as the case is to be remanded for another trial, all necessary amendments, as we have just said, including the constable's return, will doubtless be made.

Passing to the merits of the controversy, we find that the posts were made from an osage orange hedge serving as inclosure on one side of the land owned by plaintiff's predecessors. This had grown into trees of sufficient size to make fence posts. Defendant's grantors enclosed their land adjoining plaintiff's and the hedge was thereby changed from an outside fence to a fence dividing the two tracts. Whether the hedge was exactly on the line is a matter of dispute. Plaintiff's claim is that though off the line, either at different points, or entirely, yet he and his predecessors have title by adverse possession. There seems to be some claim of adverse possession by defendant also. Then there was a question as to whether the hedge had been made a statutory division fence by agreement of any of the owners, so that each had his part, as is provided by statute. On the latter question we think defendant's instruction No. 1-½ should have been given. The instructions on this subject, given of the court's own motion, omit the hypothesis of defendant's grantor having made an agreement with the adjoining proprietor at the time. If one's grantor is an adjoining proprietor and he and his neighbor divide the partition fence so that it becomes a statutory

division fence, such agreement inures to his grantee.

It would also be well to omit the latter part of plaintiff's instruction number 5, coming after the words "by adverse possession," and put in its place the words "unless the fence was divided as stated in other instructions."

We cannot know what the evidence will be if the case is again instituted. But in regard to the questions made concerning tenancies in common of personal property, and the rights of the adjoining proprietors in trees which stand on the line, a part of the trunks being over on each, we need only to say that one tenant in common cannot maintain replevin against the other. [Ingals v. Ferguson, 138 Mo. 358; Miller v. Crigler, 83 Mo. App. 395; Bryant v. Dyer, 96 Mo. App. 455.]

If trees stand on the dividing line of adjoining land owners with a part of the trunks on either side of the line, the adjoining owners are owners in common. [Dubois v. Beaver, 25 N. Y. 123; Scarborough v. Woodill, 93 Pac. 383; Griffin v. Baily, 12 N. H. 454; Harndon v. Stultz, 124 Ia. 440; Quillen v. Betts, 1 Pennewill (Del.) 53; Phillips v. Brittingham, 77 Atl. 964.]

It is said in 1 Washburn Real Prop. (6 Ed.), sec. 14, that "if a tree stand so nearly upon the dividing line between lands that portions of its body entered into each, the same is the property in common of the landowners." So, undoubtedly, if twigs, such for instance, as a young hedge, should be set along, but not on, the line between landowners, and wholly on the side of the owner putting them out, they would of course be his property, yet when their bodies grew into such size as to crowd across the line onto the land of the other owner, they would become the property of both, in common. Being property in common, one of the owners, under the rule stated above, cannot maintain replevin against the other.

There was evidence tending to show that some of the trees were not on the line, and in that connection there was evidence tending to show adverse possession, and instructions contained that hypothesis. A condition of the case therefore may possibly arise which would present another bar to plaintiff's right to maintain replevin, on the ground that the posts were cut by an adverse claimant of the land, in which case, although there is a better title in another, yet replevin will not lie. The trees when severed became personal property, but it is stated in 24 Am. & Eng. Ency. Law (2 Ed.), 486, that:

"Where the title to property which has become personalty by reason of its severance from the soil or freehold depends upon the ownership of the real estate, it has been held that the true owner, if out of possession, could not in replevin recover the property where its severance from the freehold was made by a person holding adversely and in good faith under claim and color of title, as the action of replevin could not be made the means of litigating and determining the title to real estate as between conflicting claimants."

The same is stated in 34 Cyc. 1366, in these words:

"The owner of land may maintain replevin for wood and timber unlawfully severed from the soil, even where it has been converted into a manufactured article, so long as it is capable of identification. It is essential, however, to the right to maintain replevin that the land should not be in the adverse possession of another, whether defendant or a third person. The law does not permit the owner to assert his title to the land against the person in adverse possession in that manner."

The same is stated by Shinn on Replevin, Sec. 280, as follows:

"Timber severed from realty becomes personal property, but its title is not changed. The owner of the land may bring replevin for it or its value if he

were in possession of the land; but if the defendant were in possession under claim and color of title, replevin will not lie against him. Replevin will not lie against one in adverse possession for the reason that, being a personal action, it cannot be made the means of litigating and determining the title to real property as between conflicting claimants."

To the same effect is Cobbey on Replevin, Secs. 374, 375.

From the foregoing it follows the judgment must be reversed and the cause remanded. All concur.