*S. H. West* and *Wammack & Welborn* for appellant.

No brief filed for respondent.

NORTONI, J.—The questions involved in this case are identical with those involved in the case of Grimes v. St. Louis & Southwestern Railroad Company 184 Mo. App. 117, 168 S. W. 317 (decided today). Plaintiff recovered in this case for damage to crops occasioned by an overflow because of defendant's alleged failure to construct and maintain an opening through and across its right of way. Defendant prosecutes the appeal.

By a stipulation of the parties on file, it is agreed that the same judgment shall be entered in this case as is given in the Grimes case, above referred to.

The judgment is accordingly reversed and the cause remanded, to be proceeded with in accordance with the views expressed in the opinion in Grimes v. Southwestern Railroad Company, supra. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.

---

W. H. POWELL et al., Respondents, v. ST. LOUIS & SOUTHWESTERN RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, June 20, 1914.

Grimes v. Railroad, *ante,* p. 117, followed.

Appeal from Dunklin Circuit Court.—*Hon. W. S. C. Walker,* Judge.

REVERSED AND REMANDED.

*S. H. West* and *Wammack & Welborn* for appellant.

No brief filed for respondent.

NORTONI, J.—The questions involved in this case are identical with those involved in the case of Grimes v. St. Louis & Southwestern Railroad Company, 184 Mo. App. 117, 168 S. W. 317 (decided today). Plaintiff recovered in this case for damage to crops occasioned by an overflow because of defendant's alleged failure to construct and maintain an opening through and across its right of way. Defendant prosecutes the appeal.

By a stipulation of the parties on file, it is agreed that the same judgment shall be entered in this case as is given in the Grimes case, above referred to.

The judgment is accordingly reversed and the cause remanded, to be proceeded with in accordance with the views expressed in the opinion in Grimes v. Southwestern Railroad Company, supra. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.

---

W. R. WALL, Appellant, v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY, Respondent.

St. Louis Court of Appeals, June 20, 1914.

1. DEAD BODIES: Injury: Right of Recovery. The husband or wife or next of kin of a deceased person has a *quasi* property right in the corpse, entitling such husband or wife or next of kin to recover for any injury done to, or indignity committed upon, the corpse.

2. DAMAGES: Mental Anguish. Although a recovery for mental anguish resulting from mere negligence is not allowable unless some physical injury is sustained, yet where the tortious act is