T. G. ROGERS, Respondent, v. W. E. DAVIS, Appellant.

St. Louis Court of Appeals, March 7, 1916.

1. **JUSTICES' COURTS: Jurisdiction: Record.** Since justices' courts are of statutory and limited jurisdiction, not proceeding according to the course of the common law, there is no presumption or intendment in favor of their jurisdiction, but facts showing jurisdiction must affirmatively appear.

2. ——: **Venue: Waiver of Jurisdiction Over Person.** Where the record does not show that a suit in a justice's court was brought in the proper township, under Sec. 7399, R. S. 1909, prescribing the venue of actions in justices' courts, the judgment is defective, unless the defendant has waived the lack of jurisdiction over his person.

3. ——: **Replevin: Jurisdiction.** In an action of replevin, instituted in a justice's court, it is only necessary, under Sec. 7759, R. S. 1909, in so far as jurisdiction depends on the location of the property, that the property be found in the county in which the suit is brought.

4. **JURISDICTION: "Subject-Matter": Definition.** The subject-matter of a suit, when reference is made to questions of jurisdiction, is defined to mean, the nature of the cause of action and of the relief sought.

5. **JUSTICES' COURTS: Replevin: Waiver of Jurisdiction Over Person.** In an action of replevin, instituted in a justice's court, where the justice had jurisdiction of the subject-matter, by reason of the property being found in the county, but the record did not show that the action was brought in the proper township, under

Sec. 7399, R. S. 1909, prescribing the venue of actions in justices' courts, the appearance of defendant to move for a change of venue and later at the trial before the justice, and- in the circuit court, on appeal, without objection to the jurisdiction, waived the want of jurisdiction over his person.

6. ————: Jurisdiction Over Subject-Matter: Waiver. Where the jurisdiction of a justice over the subject-matter is determined by the location of property or by the place of injury, the appearance of the defendant in an action not begun in the proper township does not cure the jurisdictional effect.

7. CHATTEL MORTGAGES: Waiver of Mortgagee's Rights: Statute. Sec. 2863, R. S. 1909, providing for the release of chattel mortgages .that have been satisfied, does not prevent a mortgagee from waiving his rights under a chattel mortgage, by consenting to a sale or an exchange of the chattel, although the mortgage is unreleased of record.

8. REPLEVIN: Issues: Verdict and Findings. While a verdict in a replevin suit should respond to the issue of unlawful detention, and not alone to that of plaintiff's right of possession, it is nevertheless sufficient if the verdict is in general form, or if the finding by the court sitting as a jury is a finding of the issues generally in favor of plaintiff.

Appeal from New Madrid Circuit Court.—*Hon. Charles B. Faris,* Judge.

AFFIRMED.

*Riley & Riley* and *Oliver & Oliver* for appellant.

(1) Whatever jurisdiction the justice of the peace of La Font township had in this cause is derived from section 7399, R. S. 1909, and unless the facts of jurisdiction do appear in this record the lack of jurisdiction is inherent. Sec. 7399, R. S. 1909; Grant v. Stubblefield, 138 Mo. App. 555; Barnes v. Plessner, 121 Mo. App. 677. (2) The plaintiff must show that the justice of the peace had jurisdiction of the subject-matter. Trimble & Fyfer v. Elkin, 88 Mo. App. 229. (3) The appearance of appellant and his taking a change of venue and subsequently trying the cause before another justice of the peace, and then in the circuit court, could not and did not have the effect of waiving a lack of

jurisdiction. Grant v. Stubblefield, 138 Mo. App. 555; Beth v. Railroad, 136 Mo. App. 234. (4) In 1905 section 2863, as it appears in the revision of 1909, was enacted. The Legislature evidently had in view the construction that had been given to section 5176, R. S. 1889, in the case of Coffman v. Walton, 50 Mo. App. 404, when it determined to reduce the temptation and possibility of false swearing by fixing and determining how a chattel could be released from a mortgage. Three methods are provided in the statute for releasing chattels by this statute, and we submit that the Legislature intended those methods should exclude the possibility of such loose and unsatisfactory and dangerous testimony about releasing a chattel as is disclosed in this record. The Legislature evidently intended that those methods should be exclusive and prevent the probability of securing a release by such testimony as this record discloses. The trial court, therefore, erred in admitting the alleged declarations of Hawkins about his willingness for Brown, the mortgagor, "to trade" the mare in question. And the court erred in refusing to declare the law as prayed for by the appellant in the second instruction. Sec. 5176, R. S. 1889; Coffman v. Walton, 50 Mo. App. 404; Laws of 1895, p. 179; Sec. 3404, R. S. 1899; Sec. 2863, R. S. 1909. (5) The finding of the court is not responsive to the averments of the complaint. The court did not find that the mare had been wrongfully detained by the appellant. Grant v. Stubblefield, 138 Mo. App. 555; Barnes v. Plessner, 121 Mo. App. 677. (6) The court should have given instruction No. 3, as it is based upon the theory advanced by respondent and is based upon the testimony he offered in support of his theory of ownership in the mare. (7) The record is silent as to whether either of these litigants is a resident of La Font township, in New Madrid county, the township in which the suit was brought, or that the appellant was a resident of an adjoining township. Where this is so, no jurisdiction appears and the cause must be reversed. Authorities under point I.

*E. F. Sharp* and *R. G. Hartle* for respondent.

ALLEN, J.—This is an action in replevin begun before a justice of the peace in La Font township, New Madrid county, Missouri, to recover the possession of a mare and damages for the alleged wrongful detention thereof by defendant. Plaintiff prevailed below, and the case is here upon defendant's appeal.

One Brown purchased the mare in controversy with funds borrowed from one Hawkins, to whom he was otherwise indebted, and to secure the entire indebtedness executed to the latter a chattel mortgage upon the mare and certain other personalty. The mortgage was duly recorded. Thereafter Brown traded the mare to a negro, named Lewis, for a horse, having first obtained Hawkins' consent so to do. It appears that this was done with the intention that a mortgage be executed by Brown to Hawkins upon the horse so acquired by the former, but this was never done. Brown testified that he spoke to Hawkins about it several times, but the latter always deferred the matter.

Though the negro, Lewis, had represented to Brown that the horse acquired by the latter in exchange for the mare was unincumbered, there was in fact a mortgage upon that animal; and, as Brown testified, he subsequently "lost the horse in the round up."

After obtaining possession of the mare, Lewis executed two separate chattel mortgages upon her (which are not here involved), then sold her to Rogers, the plaintiff herein, and left "for parts unknown." Thereafter Hawkins undertook to foreclose the mortgage given him by Brown upon the mare, and at the foreclosure sale defendant Davis (who testified that he was a part owner of the mortgage) became the purchaser. Prior to the sale plaintiff had surrendered possession of the mare to a constable acting in Hawkins behalf, in the belief, it seems, that the officer was seizing her under a writ of replevin, though it does not appear that an action in replevin had been instituted. Plaintiff was present at the sale, and by counsel gave public notice that he

claimed the animal, and thereafter instituted this action against the purchaser, Davis.

The action was begun before a justice of the peace in and for La Font township, New Madrid county. The testimony in the case shows that plaintiff resided in Lewis township, of said county, but nothing appears as to the township of defendant's residence. Plaintiff filed a statement in due form before the justice of La Font township, and thereupon the latter issued to the constable of that township an order of delivery and summons; though it appears that the mare was never taken from defendant's possession. The constable's return, upon the order of delivery and summons, is as follows:

"I hereby certify that I executed the within order and summons in the county of New Madrid on the 30th day of April, A. D. 1912, by summons [sic] the said W. E. Davis to trial on the 10th day of May, 1912."

Upon the return day, defendant appeared before said justice of La Font township, and filed a verified application for a change of venue, which was granted, and the cause was thereupon transmitted to a justice of the peace of Lewis township in said county. The last mentioned justice issued a notice of change of venue. It was directed to the constable of Le Sieur township, but appears to have been served upon defendant by the constable of La Font township, who indorsed thereupon the following return, viz:

"I hereby certify, that I have executed the within writ by reading same to W. E. Davis this 28th day of May, 1912, in Le Sieur adjoining La Font township, New Madrid county, Missouri."

Defendant appeared before the justice of Lewis township, and, after two continuances, the cause went to trial before a jury, resulting in a verdict and judgment for plaintiff. Defendant thereupon prosecuted an appeal to the circuit court, where, upon a trial de novo before the court, a jury having been waived, plaintiff again prevailed.

## I.

The first question demanding consideration relates to the jurisdiction of the justice of La Font township, before whom the action was instituted. It is urged that, since the action was not brought in the township of plaintiff's residence, with service on the defendant therein, and since it does not affrmatively appear that it was brought in the township of defendant's residence or in an adjoining township, the justice of La Font township was without jurisdiction; and that consequently the justice of Lewis township acquired no jurisdiction by the change of venue, and the circuit court none by appeal.

Section 7399, Revised Statutes, 1909, provides as follows:

"Every action recognizable before a justice of the peace shall be brought before some justice of the township, either: First, wherein the defendants, or one of them, resides, or in any adjoining township; or, second, wherein the plaintiff resides, and the defendants, or one of them, may be found; third, that if the defendant is a nonresident of the county in which the plaintiff resides, the action may be brought before some justice of any township in such county where the defendant may be found; fourth, if the defendant is a nonresident of the State, or has absconded from his usual place of abode, the action may be brought before any justice in any county in this State wherein defendant may be found; and, fifth, any action against a railroad company for killing or injuring horses, mules, cattle or other animals, shall be brought before a justice of the peace of the township in which the injury happened, or in any adjoining township."

Defendant was served with the notice of change of venue in Le Sieur township; and the constable in his return states that Le Sieur township adjoins La Font township. We are informed by counsel that defendant resides in Le Sieur township, but the record before us is silent as to this.

From an early date (see State v. Metzger, 26 Mo. 65) it has been held that since justice courts are of statutory and limited jurisdiction, not proceeding according to the course of the common. law, there is no presumption or intendment in favor of their jurisdiction, but facts showing jurisdiction must affirmatively appear. [See Smith v. Rock Company, 132 Mo. App. 297, 111 S. W. 831; Sawyer v. Burris, 141 Mo. App. 108, 121 S. W. 321; Barnes v. Plessner, 162 Mo. App. 460, 142 S. W. 747; Trapp v. Mersman, 183 Mo. App. 512, 167 S. W. 612.]

Respondent relies upon the return of the constable indorsed upon the notice of change of venue issued by the justice of Lewis township, as being a part of the judgment roll, to show that Le Sieur township adjoins La Font township wherein the action was instituted. [Barnes v. Plessner, supra.] But the effect which may properly be given to this return is unimportant here, for the reason that it nowhere appears that defendant resided in Le Sieur township, wherein he was served with such notice. The action was not instituted in the township of plaintiff's residence, to-wit, Lewis township, but in La Font township. And it does not affirmatively appear that defendant resided either in La Font township or in an adjoining township. It does not appear that the defendant is a nonresident of the county, but the contrary is inferable from all the facts disclosed. In short it does not affirmatively appear that the provisions of Section 7399, supra, respecting the venue of actions generally before justices of the peace, were complied with. It remains to be seen, however, whether this should be held fatal to the validity of the judgment before us.

In an action of replevin before a justice of the peace, in so far as jurisdiction depends upon the location of the property, it is only necessary that the property be found in the county in which the suit is brought. [See Sec. 7759, Rev. Stat. 1909; Yoakum v. Davis, 162 Mo. App. 253, 144 S. W. 877.] In the case last cited the Kansas City Court of Appeals held that an action in replevin was maintainable before a justice of the

peace, where the property was within the county, though plaintiff and defendant were nonresidents of such county, and hence the case was not one within the purview of section 7399, supra; overruling the earlier decision of that court in Dennis v. Bailey, 104 Mo. App. 638, 78 S. W. 669. In the case before us the record affirmatively shows that the property was found within the county and that the alleged value together with the damages claimed for the taking or detention thereof is within the jurisdiction of a justice in replevin. [Sec. 7758, Rev. Stat. 1909.] It seems clear therefore that the subject-matter of the action is one within the jurisdiction of the justice. "The subject-matter of a suit, when reference is made to questions of jurisdiction, is defined to mean 'the nature of the cause of action and of the relief sought.'" [Hope v. Blair, 105 Mo. l. c. 93, 16 S. W. 595.] Defendant could and undoubtedly did waive all right to complain of want of jurisdiction over his person. Not only did he appear before the justice of La Font township and make application for and secure a change of venue, but he appeared before the justice of Lewis township, applied for and obtained a continuance, and later appeared and went to trial. Thereafter he prosecuted an appeal to the circuit court, where he entered his appearance generally and proceeded to trial on the merits. No question of jurisdiction was raised throughout the case from beginning to end until the filing of defendant's motion for a new trial in the circuit court. Defendant cannot now be heard to complain of lack of jurisdiction over his person; and the jurisdictional question raised we think is manifestly one pertaining alone to jurisdiction over the person.

In Bohn v. Devlin, 28 Mo. 319, it is tersely said by NAPTON, J.:

"The defendant in this case did not reside in the township where the suit was brought, and the proceeding, being in this respect irregular, could no doubt have been set aside had the proper steps been taken in time. But the defendant appeared and consented to the con-

194 M. A.—25

tinuance. As the justice had undoubted jurisdiction over the subject-matter, and the appearance and consent of the defendant gave jurisdiction over the person, defects and irregularity in the process must be considered as waived."

Though the opinion in Smith v. Simpson, 80 Mo. 634, appears to announce a contrary doctrine, Bohn v. Devlin, supra, is cited with approval in Baisley v. Baisley, 113 Mo. l. c. 551, 21 S. W. 29. In Trimble v. Elkin, 88 Mo. App. l. c. 236, it is said:

"It was not made to appear' at the trial, that the defendant resided in Columbia township or any adjoining township; or that plaintiffs resided in said township' and the defendant was found therein; or that he was a nonresident of the county. It only appeared that he was served in the township named. If this is a jurisdictional question, and we think it is, then there was a failure upon the part of the plaintiffs to show that the justice had jurisdiction of the person of the defendant. Had he appeared at the trial, the justice having jurisdiction of the subject-matter, he would have waived jurisdiction over his person, unless he had objected for want of jurisdiction."

This was approved in Meyer v. Insurance Co. 184 Mo. 489, 83 S. W. 479, which ruling is followed in Smith v. Rock Company, supra, where it is held that in an ordinary action before a justice of the peace such a jurisdictional defect as is here complained of is waived by appearance. And see Barnes v. Plessner, 162 Mo. App. l. c. 466, 142 S. W. 747. The effect of the ruling in Meyer v. Insurance Co., supra, in a case where the defendant timely raised the question of the jurisdiction of the justice over his person, but thereafter appealed to the circuit court, need not be here discussed; but see Powell v. Railroad, 184 Mo. App. 126, 168 S. W. 319.

As observed in Smith v. Rock Company, supra, in a case wherein the jurisdiction of the justice is determined by the location of property, or by the place of injury as in actions for injury to stock by railroads, if the action is not begun in the proper township the

personal appearance of the defendant does not waive or cure the jurisdictional defect. This is for the reason that in such cases there is an inherent lack of statutory jursidiction over the subject-matter which cannot be waived. In this connection see: Sawyer v. Burris, 141 Mo. App. 108, 121 S. W. 321; Severn v. Railroad, 149 Mo. App. 631, 129 S. W. 477; Sedalia Milling Co. v. Flour Mills, 169 Mo. App. 460, 155 S. W. 70; Barry v. Bannerman, 175 Mo. App. 142, 157 S. W. 853. This is true in replevin, in so far as the location of the property involved operates to fix the jurisdiction; but, as said above, the only requirement as to this is that the property replevied be located in the county wherein the suit is instituted. And though the case before us is one in replevin, since the property was found in the county the justice was possessed of jurisdiction over it. And as defendant waived any lack of jurisdiction over his person, we are of the opinion that this judgment is not now open to attack upon jurisdictional grounds.

What is said by the Kansas City Court of Appeals in Barnes v. Plessner, 121 Mo. App, 677, 97 S. W. 626, that may appear to be contrary to the conclusions reached above, we regard as so far modified by the later decisions of that court in Smith v. Rock Company and Yoakum v. Davis, supra, when these two cases are considered together, as to leave no actual conflict between the views of that court and those expressed above on the matter in hand. From the two last mentioned cases it appears that the Kansas City Court of Appeals has held, on the one hand, that the right to question the justice's jurisdiction on the ground that the suit was not begun in the proper township is waived by general appearance except in those cases where the location of property (or the place of injury to stock) of itself fixes the jurisdiction; and, on the other hand, has fully recognized that in replevin the jurisdiction of a justice, in so far as it is determined by the locus of the property involved, is coextensive with the county.

We therefore rule this assignment of error against appellant.

## II.

As to the merits, appellant contends that the oral consent of Hawkins to the trade made by Brown did not operate to release the mare from the lien of Hawkins' mortgage. It is conceded that the ruling in Coffman v. Waltom, 50 Mo. App. 404, is contrary to this contention, but it is pointed out that section 2863, Revised Statutes 1909, was subsequently enacted, and it is argued that property may now be released from the lien of a chattel mortgage only in one of the ways prescribed by this section. But we regard this argument as unsound. The statute merely makes provisions for releasing of record chattel mortgages that have been satisfied. A mortgagee may fully waive his rights under a chattel mortgage though the same remain unreleased of record. This Hawkins did in the instant case by consenting to the exchange of the mare for the negro's horse. [See Coffman v. Waltom, supra; Love v. Scott, 179 Mo. App. 351, 166 S. W. 856; 7 Cyc. 74; Jones on Chattel Mortgages (5 Ed.), sec. 456, and authorities cited.]

## III.

It is argued that the judgment cannot stand for the reason that the court did not specifically find that the mare had been wrongfully detained by the appellant. The judgment recites that the court "doth find the issues for the plaintiff, and finds the plaintiff is entitled to the possession of the property sued for, . . . and assesses plaintiff's damages for the taking and detention of said mare at the sum of twenty-five dollars." It is true that a verdict in replevin should respond to the issue of unlawful detention, and not alone to that of plaintiff's right of possession. [See Barnes v. Plessner, 137 Mo. App. 571, 119 S. W. 457; Grant v. Stubblefield, 138 Mo. App. 555, 120 S. W. 647.] However, it is sufficient if the verdict is in general form, or if the finding by the court sitting as a jury is, as here, a finding of the issues generally in favor of plaintiff. [See Barnes v. Plessner, 137 Mo. App. l. c. 574,

119 S. W. 457.] We regard the finding and judgment as sufficient.

We are of the opinion that the judgment should be affirmed, and it is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.