AMY TEEL, RESPONDENT, v. LEONARD TEEL, APPELLANT.*

Springfield Court of Appeals. August 11, 1928.

*Corpus Juris-Cyc References: Justices of the Peace, 35CJ, section 136, p. 559, n. 66; section 166, p. 587, n. 70; section 574, p. 840, n. 26; section 590, p. 846, n. 13; Replevin, 34Cyc, p 1503, n. 24; p. 1509, n. 68; p. 1530. n. 59.

*D. S. Mayhew* and *E. C. Medlin* for appellant.

BAILEY, J.—This is an action in replevin, without bond, to recover possession of six head of cattle. Suit was commenced in justice court, where plaintiff obtained judgment. On appeal to circuit court the case was tried *de novo* before a jury and plaintiff was again successful. The jury assessed the value of the property at $125 and damages for detention at $100. The plaintiff entered a *remittitur* of $50 on the damages and the court rendered final judgment accordingly. Defendant has appealed.

Defendant charges the court erred in retaining jurisdiction for the reason there is nothing in the record to show the justice of the peace had jurisdiction, as required by section 2722, Revised Statutes 1919. The affidavit in replevin, and proof, indicates that the property, at the time plaintiff filed the replevin suit, was located in Barry county. The suit was instituted before a justice of the peace of that county and under the replevin statute such justice had jurisdiction of the subject-matter. [Secs. 3096, 3097, Revised Statutes 1919; Yoakum v. Davis, 162 Mo. App. 253, 144 S. W. 877; Rogers v. Davis, 194 Mo. App. 378, 184 S. W. 151.]

The record fails to show in what township defendant was served or that he was a resident of Purdy township, Barry county, or an adjoining township. The jurisdictional question as to that point, if raised timely and properly, might require a reversal of the judgment for failure to come within the provisions of section 2722, supra. However, we think defendant waived all right to complain of want of jurisdiction over his person. He appeared and tried the case without objection and no question of jurisdiction was raised until the case reached this court. Since the jurisdiction of the justice was fixed by the location of the property in the county, defendant, by his appearance, could and did waive jurisdiction over his person and it is too late to raise the question for the first time in this court. [Rogers v. Davis, supra; Bohn v. Devlin, 28 Mo. 319.]

The verdict in this case was as follows:

"We, the jury, find that the defendant, at the time this suit was filed, wrongfully detained the property mentioned in plaintiff's statement from the plaintiff and that the same has not been delivered the plaintiff, and we assess the value of said property at $125 dollars.

"And assess the damages for the detention of the same and injury thereto, at $100 dollars.

"A. C. SMITH,
"Foreman."

It is asserted the verdict is erroneous because it failed to show a finding that plaintiff was entitled to possession. Section 3113, Revised Statutes 1919, applicable to the practice in justice courts, con-

tains that requirement. A number of cases have held that failure of the verdict to show a finding that defendant wrongfully detained the property, when that fact was in issue, constitutes reversible error. [Grant v. Stubblefield, 138 Mo. App. 555, 120 S. W. 647; Long v. Hickey, 221 S. W. 757; Barnes v. Plessner, 137 Mo. App. 571, 119 S. W. 457.]

Other decisions hold that on trial *de novo*, on appeal to the circuit court, the practice prevailing in that court governs and not the code governing practice in justice courts. [Clarkson v. Jenkins, 48 Mo. App. 221; Absher v. Franklin, 121 Mo. App. 29, 97 S. W. 1002; Stroud v. Morton, 70 Mo. App. 647; Pearson v. Lafferty, 193 S. W. 40, l. c. 43, 197 Mo. App. 123; Sec. 2911, R. S. 1919.]

There is reason, aside from the statute, for holding the practice in the circuit court should not be governed by the justice statute. When an appeal is taken from justice court the case is tried anew and under instruction from the court by which system all issues may be fairly determined. The justice practice must necessarily be hedged about with specific requirements in order that the issues may be properly presented in a court where instructions are not given. In the case at bar the plaintiff's right to possession of the property was fairly presented in an instruction. The verdict substantially comports with the provisions of section 2085, Revised Statutes 1919, relating to the practice in courts of record applicable to the action of replevin. That section controls the form of verdict and judgment upon trial *de novo* in circuit court. Moreover, we think the verdict as written does, in effect, find plaintiff was entitled to possession of the property at the time the suit was filed. The jury could hardly find defendant wrongfully detained the property from plaintiff and yet fail to find plaintiff entitled to the possession thereof. This assignment is ruled against defendant.

The sufficiency of the evidence to support the verdict is questioned. Plaintiff testified the cattle were hers by reason of her original purchase of a cow which, through trades made by her husband with her consent, resulted in her finally becoming the owner of the cattle in question. She also testified the cows were in defendant's pasture the day she filed suit and that he refused to give her possession. There was evidence on the part of defendant that the cattle had been mortgaged by her husband and sold to defendant's mother, under foreclosure. Plaintiff denied she ever consented to, or had any knowledge of, the mortgage until shortly before suit was filed. Her evidence does not specify that all six head of cattle were seen by her in defendant's possession, but the evidence is, we think, capable of that construction. Her daughter, Erma Teel, testified that she had seen "these cattle" in the pasture behind defendant's barn and saw him driving them in the barn in April before the suit was filed. Defendant offered testimony tending to prove one of the cows and calf

had been sold and was not in his possession at the time suit was filed and that the other cattle were in his mother's possession and not his. The evidence in support of plaintiff's case is meager but sufficient to support the verdict. Having shown previous possession in defendant the burden was on him to show he parted with possession prior to the commencement of the suit. [Lacquement v. Bellamy, 253 S. W. 1076.]

The judgment should be affirmed. It is so ordered.

*Cox, P. J.*, and *Bradley, J.*, concur.