T. L. ROGERS, Appellant, v. C. L. DAVIS, Respondent.

St. Louis Court of Appeals, February 23, 1886.

1. REPLEVIN—POSSESSION.—In replevin, the plaintiff must show that at the time the writ was issued the property was in the defendant's possession.

2. —— Replevin can not be maintained for a cow where the defendant, after his refusal to deliver the cow to the plaintiff, but before the plaintiff could procure the writ, drove the cow from his premises.

APPEAL from the Greene County Circuit Court, M. G. McGREGOR, Judge.

*Affirmed.*

WILLIAM C. PRICE, for the appellant.

No brief for the respondent.

LEWIS, P. J., delivered the opinion of the court.

This is replevin for a cow, commenced before a justice of the peace. At the trial anew in the circuit court, on the defendant's appeal, the testimony tended to show that the defendant, one day, sent word to the plaintiff to come and take away his cow, which the defendant had tied up in his field for trespassing. On the next morning, at about seven o'clock, the plaintiff went over, and finding his cow tied to a tree in the defendant's field, demanded that the defendant release her and turn her loose. The defendant answered that he would not do so, unless the plaintiff would promise to keep her at home or out of the defendant's field, where she had been a frequent trespasser and destroyed much corn. After some further parleying, the plaintiff left without the cow, went home, and from there rode five miles to the justice, before whom he instituted the present proceeding.

When the writ was issued, it was about one o'clock p. m. The plaintiff returned to his home and there found the cow in his own field. It further appeared in testimony that, soon after the plaintiff had left the defendant's premises, and before nine o'clock a. m., the defendant released the cow, and turned her out into her accustomed range.

The court sitting as a jury, declared the law thus :

"That before the plaintiff can recover judgment against the defendant, he must show by evidence, that the cow sued for by him was in the possession of the defendant at the time that the writ was issued by the justice of the peace ; and if, at the time of serving the writ, the same was in the plaintiff's possession, and defendant turned her loose before suit, plaintiff can not recover."

This was, unquestionably, the law of the case. There was ample testimony in support of the hypothesis contained in the instruction, and the affirmative finding of fact by the court is beyond the reach of any interference on appeal.

There was also substantial testimony in support of the hypothesis contained in the following declaration given by the court :

"If the testimony shows that the plaintiff demanded only that the cow should be turned loose, and that the defendant did unfasten and turn her loose within a reasonable time before suit was brought, then, in that event, the issues must be found for the defendant."

This declaration of the law was also proper. The finding of the court on this issue is similarly beyond the reach of appellate review.

The judgment must, therefore, be affirmed. All the judges concur.