BARNES, Respondent, v. PLESSNER, Appellant.

St. Louis Court of Appeals, May 11, 1909.

1. REPLEVIN: Wrongful Detention: Pleading and Proof. An action of replevin lies only against a party who wrongfully detains the property in controversy from the complainant, and the fact that the defendant wrongfully detains it must be alleged in the complaint and proved in order to make out a case.

2. ———: ———: Verdict. Where a verdict in replevin contained findings for plaintiff on certain special issues, but did not find that the defendant wrongfully detained the plaintiff's property, an issue submitted to the jury, the verdict was erroneous and must be set aside; had the verdict been general in form, a specific finding of the fact would have been unnecessary.

Appeal from Scotland Circuit Court.—*Hon. Chas. D. Stewart,* Judge.

REVERSED AND REMANDED.

*E. R. McKee* for appellant.

Barnes cannot maintain this suit against Otto Plessner, the defendant, because at the time the suit was instituted Mrs. Plessner was in possession. In order

to maintain a replevin suit against a defendant he must at the time the suit was instituted be in possession. Davis v. Randolph, 3 Mo. App. 454; Haeger v. Marcus, 5 Mo. App. 565; Gulatha v. Walsten, 7 Mo. App. 66; Penn v. Brasher, 56 Mo. App. 24; Myers v. Lingenfelter, 81 Mo. App. 257; Rogers v. Davis, 21 Mo. App. 151; Feder v. Abrahams, 28 Mo. App. 454; Clark v. Sublette, 117 Mo. App. 522; Morrow v. Prior, 125 Mo. App. 344. The action of replevin may be brought against the agent of a party if he is in actual possession of the property at the beginning of the suit.    Stevenson v. Taylor, 2 Mich. N. P. 95; Myers v. Lengenfelter & Hudson, 81 Mo. 257.

*Morris & Mills* and *Smoot & Smoot* for respondent.

GOODE, J.—This is an action of replevin instituted before a justice of the peace to recover possession of certain household furniture.   The case proceeded on appeal to the circuit court and was there tried anew. The furniture in controversy had been purchased by plaintiff for George McClaskey.   Plaintiff was conducting a blacksmith shop in the town of Coatesville and McClaskey hired to him, boarding for a while in the town, but afterwards inducing Barnes to purchase this furniture so McClaskey could bring his wife and child to him and go to housekeeping.   The house rented by McClaskey belonged to Mrs. Plessner, wife of defendant. Barnes and McClaskey bought the furniture in Ottumwa, Iowa, the former paying for and turning it over to the latter with the understanding he was to use it as long as he worked for Barnes, and buy it from the latter when able.   McClaskey and his family put the furniture into Mrs. Plessner's house, which they occupied for some months and then McClaskey left Barnes' employ and the country.   The latter wanted possession of his furniture and as Plessner and his wife refused to surrender it, the present action was instituted.   The sole

question for decision on the appeal is whether the verdict of the jury will support the judgment, a question which involves the circumstances that the action was instituted against Plessner, whereas the house where the property was belonged to his wife, and he insists the property was in her possession and not in his. There was evidence which tended to prove Plessner really had possession of the premises and controlled the goods, as was held on a. former appeal of the cause, which furnished the law of the case on this point and determined the issue of defendant's possession was submissible. [121 Mo. App. 677.]

The verdict of the jury was in this form:

"We, the jury, find that at the institution of this suit the plaintiff was the owner of and entitled to the possession of the goods described in the affidavit, to-wit: one bedstead, one dresser, one stand table, one set of bed springs, one mattress, one kitchen table, one rocking chair and one commode.

"FRANK CASE, Foreman."

The instructions left to the jury in manifold phases and according to sound theories of law, the question of whether defendant was in possession of the property in controversy at the time the action was instituted before the justice of the peace; but the verdict found by the jury was verbatim according to the form furnished by the court in an instruction drawn and requested by plaintiff. The form of verdict the jury was directed to return in case the finding was for plaintiff, was not a general verdict on all the issues, but one of findings on certain special issues and omitting a finding on the principal issue in contest, to-wit, defendant's possession of the property at the time the action was begun. Our statute on the subject of replevin, and indeed, the entire law of that action, intend that it shall lie only against a party who wrongfully detains the property in controversy from the complainant; a fact which must be al-

leged by the latter in his complaint and proved. [R. S. 1899, sec. 2901; Davis v. Randolph, 3 Mo. App. 544.] No one can read the present record without receiving the impression that the evidence to prove the property was in the possession and control of defendant was extremely weak; yet the court at plaintiff's request, gave to the jury a form for their verdict in case they found the issues for plaintiff, which did not require this question to be found. A verdict in replevin should respond to all the issues raised by the pleadings; and as unlawful detention is the gist of the action, should speak unequivocally as to that. [Cobbey, Replevin, sec. 1049; Mercer v. James, 6 Neb. 406; Smith v. Smith, 17 Oreg. 444.] It is scarcely denied by plaintiff's counsel the verdict is defective, but they contend as this issue was submitted in a comprehensive manner to the jury in other instructions, it ought to be presumed the jury determined it; citing Hopper v. Hopper, 84 Mo. App. 118, wherein a verdict was upheld which did not assess the value of the property and the damages for the detention of the same. Said decision was put on the ground that the party complaining on appeal had not called attention to the defect in his motion for new trial. In the present case defendant copied the verdict in his said motion and pointed out the fault in it. We think the judgment must be set aside because, though the issue of detention by defendant was left to the jury, it does not appear they found upon it, as would have appeared either if the verdict had been general in form or had contained a specific finding about that matter.

The judgment is reversed and the cause remanded. All concur.