## CARRIE E. KERMAN, Respondent, v. ANDREW LEEPER and HOMER McWILLIAMS, Appellants.

### Kansas City Court of Appeals, June 2, 1913.

1. **REPLEVIN: Mortgages: Lessee and Lessor.** The plaintiff sued in an action of replevin to recover certain hotel furniture from the defendants. No affidavit or bond was filed by plaintiff, and the goods were left in the defendants' possession and sold during the pendency of the suit. The property valued at $800 belonged to the lessee of a hotel building, and was subject to a lien for unpaid rent. The lessee became bankrupt and was indebted to plaintiff for $410 rent, and also $1000 on a note. The payment was secured by a chattel mortgage, but this lien was inferior to defendant's lien for rent. The defendants purchased the property under order of bankruptcy court, subject to the two liens, and thus were in possession of the property under the lien the lease gave them for unpaid rent. *Held*, that the court erred in rendering personal judgment for the plaintiff.

2. ————: **Right of Possession and Wrongful Detention.** Whether replevin be prosecuted by a plaintiff with or without affidavit and bond, the gist of the action is the right of the plaintiff to immediate possession as against the defendant and the wrongful detention of the property by defendant.

3. ————: **Interest: Option.** In cases of replevin where the defendant prevails and has but a special interest in the property the judgment should be for the value of the defendants' interest or for a return of the property until that value is paid at the option of the defendant.

Appeal from Livingston Circuit Court.—*Hon. Arch. B. Davis,* Judge.

REVERSED.

*Frank Sheetz & Son* for appellants.

(1) The court erred in overruling the demurrer to the evidence tendered by the defendant. Plaintiff must have a general or special property in the goods taken and the right to the immediate and exclusive pos-

session thereof. Upham v. Allen, 73 Mo. App. 228; Gray v. Parker, 38 Mo. 165; Sutton v. Railroad, 159 Mo. App. 685; Barnes v. Plessner, 137 Mo. App. 571; Shantz v. Shriner, 150 S. W. 727. (2) Defendants had a lien prior and superior to that of plaintiff given them under the lease with Lattin, and had possession of the hotel furniture and fixtures and was proceeding to foreclose their lien, when plaintiff claiming under a chattel mortgage given by another and different person filed her suit in replevin for said furniture and fixtures. She was and is not the owner thereof and does not so allege in her petition, and was not entitled to the immediate and exclusive possession of said goods against these defendants and has no standing in court. If she has any remedy it must be in a court of equity and not at law. Jackson v. Cunningham, 28 Mo. App. 362. (3) Defendants were entitled to a lien for the full amount of rent due them under the lease, to-wit, the sum of $875. There is no evidence in this record showing any surrender of the lease and the cause was not tried on any such theory; defendants simply kept the hotel open and it did not pay the expenses thereof. Gallop v. Murphy, 160 Mo. App. 8. (4) Because the court erred in admitting the chattel mortgage of plaintiff in evidence, as the same was not entitled to record. Terrell v. Andrew County, 44 Mo. 309; White v. Lumber Co., 240 Mo. 23; Center Creek v. Coyne, 164 Mo. App. 510. (5) Because the court erred in over-ruling the objection of the defendants to the introduction of any evidence under the petition in this cause. Benedict v. Jones, 60 Mo. App. 219. (6) Because the petition herein states in facts constituting any cause of action against the defendants, and the motion in arrest of judgment should have been sustained. Donnell v. Miller, 133 Mo. App. 693. And is fatally defective even after verdict. Benedict v. Jones, 60 Mo. App. 219.

*Carl Hirsch* and *Scott J. Miller* for respondent.

(1) The equities between parties in a replevin suit can be settled by the court. Lewis v. Mason, 94 Mo. 558; Anthony v. Carp, 90 Mo. App. 393. (2) The petition is in usual form and proper. R. S. 1909, sec. 2637; Freeman v. Lavenue, 99 Mo. App. 173. (3) All the differences between the plaintiff and the defendants were properly and rightfully settled by the opinion of the trial court. Young v. Commission Co., 158 Mo. 410.

JOHNSON, J.—This is an action in replevin to recover certain hotel furniture. No affidavit and bond being filed by plaintiff the property was left in possession of defendants and was sold by them during the pendency of the suit. The facts which control the disposition of the case are as follows:

The property, of the value of $800 was in the possession of defendants at the time of the beginning of this suit. It had belonged to the lessee of a hotel building owned by defendants and by the terms of the lease had been subject to a lien for unpaid rent. The lessee became a bankrupt and was indebted to defendants on account of rent in the sum of $410. The lessee also was indebted to plaintiff on a promissory note for $1000, the payment of which was secured by a chattel mortgage on the property, but the lien of this mortgage was inferior to defendants' lien for rent. The property was ordered sold by the bankruptcy court, subject to these two liens, and defendants became the purchasers at that sale and, thereafter, had possession of the property and, as stated, were in possession thereof at the time this suit was instituted. A jury was waived and the court rendered judgment for plaintiff in the sum of $390, the difference between the value of the property and the amount due defendants for unpaid rent.

In buying the property at the trustee's sale in bankruptcy, subject to the lien of plaintiff's mortgage, defendants did not assume the payment of the mortgage debt but became the owners of the property subject to that incumbrance. The existence of that intervening incumbrance prevented the destruction of defendants' prior lien by merger and we may and, indeed, should regard defendants as being in the possession of the property under the lien the lease gave them for unpaid rent. Their position at the time the suit was brought was analogous to that of a mortgagee in possession after condition broken and the position of plaintiff necessarily must be that of a junor mortgagee attempting to recover possession from such senior mortgagee.

Whether replevin be prosecuted by a plaintiff with or without affidavit and bond, the gist of the action is the right of the plaintiff to immediate possession as against the defendant and the wrongful detention of the property by defendant. [Sutton v. Railroad, 159 Mo. App. 685; Shantz v. Shriner, 167 Mo. App. 635, 150 S. W. 727; Barnes v. Plessner, 137 Mo. App. 571; Cobbey on Replevin, sec. 1049.] A mortgagee in possession after condition broken is entitled to hold possession, not only against the mortgagor, but against all junior lien holders. Primarily replevin is an action for possession and without the right to immediate possession against the defendant, the action must fail.

In a long line of decisions beginning with Dilworth v. McKelvy, 30 Mo. 149, the Supreme Court and Courts of Appeals have regarded the action of replevin as one in which the equities of the parties may be adjusted and there special interests in the property ascertained and settled whenever it is practicable to do so. But this view of such actions has not been so far extended as to allow a plaintiff to recover where he had no cause of action, no right of possession, and

where the defendant was in lawful possession and, therefore, innocent of having wrongfully detained the property.

"Replevin lies only for goods wrongfully detained. Indeed, the wrongful detention is the gist of the action and if it appears defendant has so much as a special property in the goods supporting a right to immediate possession at the time, the action must fail." [Sutton v. Railroad, supra, and cases cited.]

It must be borne in mind that this is not a case where the plaintiff filed affidavit and bond and recovered the possession of the property before trial. In such cases where the defendant prevails and has put a special interest in the property "the judgment should be for the value of the defendant's interest or for a return of the property until that value is paid at the option of the defendant." [Dilworth v. McKelvy, supra; Boutwell v. Warne, 62 Mo. 350.] In the last case cited it is said:

"We are not of opinion that this statute intended the entire value of the property to be assessed, except where the defendant is the absolute owner. Where the defendant has only a special interest in the property, the jury, or court, should assess the value of that interest. To assess the absolute value in such cases would lead to manifest injustice. . . . It may happen in a suit of this kind, brought by the general owner of property against one who claims a special interest in it, that the defendant's interest in the property expires or is extinguished after the suit is brought and before judgment. In such an event, the Supreme Court of Massachusetts held in one case that the judgment should be for costs only. It may happen, again, that the defendant is bailee of the property, entitled to its possession for a limited period, which has not expired when the suit is tried. In such a case the value of the defendant's interest should be assessed, and the judgment should be for that value, or for the return of the

Kerman v. Leeper.

property into the defendant's possession, until his interest ceases. . . . The judgment in each case must be modified by the circumstances, so that the merits of the controversy may be settled in one action. The statute is a general one, designed to meet all the exigencies which the old action of replevin did, and the equity of its provisions will embrace these qualifications of the forms in which judgments should be entered.''

The doctrine thus so well expressed does nothing more than limit the defendant to the recovery of the value of his interest in the property should he elect to take a money recovery. It falls far short of holding that a plaintiff may have affirmative relief against a defendant, who has been allowed to keep the property pending the suit, in an action wherein it should be adjudged that the plaintiff had no right of possession against the defendant and, therefore, no cause of action. It would be a strange doctrine that would make no distinction between a successful and unsuccessful plaintiff but would give to each the same reward and would find the defendant innocent of the charge laid against him in the petition and then adjudge that he must suffer personal judgment to go against him for his adversary's pleaded demand.

The court erred in rendering personal judgment for plaintiff and in not sustaining defendants' demurrer to the evidence. The judgment is reversed. All concur.