PAUL D. HIGBEE, Respondent, v. WESTERN
UNION TELEGRAPH CO., Appellant.

**Kansas City Court of Appeals, April 6, 1914.**

1. **TELEGRAPH AND TELEPHONES: Telegram: Delivery: Promptness: Penalty: Agent.** The sender of a telegram handed it to the telegraph company's agent to transmit and have delivered at the same time paying the charges asked by the agent. The message was not promptly delivered to the addressee as required by the statute (Sec. 3330, R. S. 1909) and it was held that the agent's count of the words in the message and his statement and acceptance of the charge therefor was binding on the company, and it was therefore liable to the penalty of the statute for not delivering.

2. ———: **Words "alright" and "all right": Count: Charge: Agent.** Whether the expression "alright" in a telegraph message should be counted as one word or as two words, "all right," is a matter to be determined by the telegraph company's agent who received the message for transmission and fixed and collected the charge and his count and charge will bind the company.

3. ———: **Statute: Rules: Agent: Estoppel.** The statute requiring prompt delivery of telegraph messages and imposing a penalty for failure to do so is conditioned on the prepayment of proper charges demanded under the rules of the company. But if the company's agent counts the words of the message and announces the charge to the sender which the latter pays him, the company, in avoidance of the penalty for nondelivery, cannot claim that the proper charge was not paid to it.

Appeal from Adair Circuit Court.—*Hon. Nat. M. Shelton*, Judge.

AFFIRMED.

*Fred S. Hudson* for appellant.

*Higbee & Mills* for respondent.

ELLISON, P. J.—Plaintiff's action was instituted to recover of the defendant telegraph company the stat-

utory penalty of $300 for failure to deliver a telegram to the person to whom plaintiff addressed it. The answer was a general denial. He obtained judgment in the trial court.

The statute (Sec. 3330, R. S. 1909) makes it the duty of a telegraph company receiving a message and upon payment or tender of its usual charge as established by its rules, "to transmit and deliver the same to designated address and to use due diligence to place said dispatch in the hands of the addressee, by the most direct means available, without material alterations, promptly and with impartiality and good faith under a penalty of three hundred dollars for every neglect or refusal, . . . two thirds of the amount recovered to be retained by the plaintiff and one third to be paid into the county school fund" etc.

Plaintiff was on a railway train at Pattonsburg, Missouri, and desired to send a telegram to his brother at Lancaster in the same State. While the train was stopped at the station he went into defendant's office and gave to its agent the following despatch written on the back of a blank bank check:

"Pattonsburg, Mo. 4-27-12.
Walter Higbee, Lancaster Mo.

Everything alright. Home on 19. No time to phone.

Paul D. Higbee."

The agent received the despatch from plaintiff, read it, looked up the rate and said the charge would be twenty-five cents, which sum plaintiff immediately paid him and then got back upon the train. This was about one o'clock in the afternoon. The agent sent the message and it was received by defendant's agent at Lancaster at three-thirty the same evening but was not delivered to the addressee, who was known to the agent and who was at his office, until the next morning. No reason or excuse appeared for not delivering

promptly during the remainder of the day of its receipt.

It is claimed by defendant that the written expression, "alright," should be counted as two words, and that each figure in "19" should be counted as one word; and that thus counted, there were eleven words, the rate of charge for which, under the rules of the company, was twenty-seven cents, and that amount being two cents more than plaintiff paid the agent for transmission and delivery, the duty imposed by the statute for prompt delivery did not arise.

We need not ask whether there is such single word as "allright" or "alright"; or whether "all right" is one compound word or two separate words. The fact is, that defendant's agent received and accepted the message and stated and accepted his charge for its transmission and delivery as it was written; and whether he counted "alright," as one or two words, was of no concern to plaintiff. For all practical contractual purposes in the matter of receiving messages and receiving compensation for their transmission and delivery, he was the defendant itself.

But defendant says that even though its agent knowingly accepted the money demanded of plaintiff as in full payment for the message as written, if it was not correct—if it was less than the charge authorized by its rules, it did not relieve him from a necessity to pay the amount which its rules required. The cases of Dunne v. Railroad, 166 Mo. App. 372, 377; Sutton v. Railroad, 159 Mo. App. 685 and Railway v. Mugg, 202 U. S. 242 are cited in support of that assertion. They have no application. They are cases involving the question of a right to charge a different rate of freight from that posted with the interstate commerce commission, and upholding the right of the railway to receive the authorized rate even though its agent had agreed to a less rate.

It is true, the statute itself conditions defendant's duty upon the payment of the charges prescribed by its rules. And, in an opinion by Judge TRIMBLE, we said that a plaintiff "in order to recover must bring himself clearly within its terms and provisions, and show that his case comes clearly within its manifest spirit and intent." And that "the liability to the penalty is made to rest on the failure to promptly transmit *on payment or tender of the usual charges.*" [Adcox v. Telegraph Co., 171 Mo. App. 331, 337.] But in the absence of knowledge upon the part of the sender of a message as to the rate chargeable under the rules of a telegraph company, the sender has a right to rely upon the charge made, received and accepted, by the company's agent as being the correct charge under its rules.

Furthermore if plaintiff, without intent to defraud (and there is no pretense that he had such intent) thought the expression "alright" was one word, and defendant's agent so accepted it and made the charge on that basis, he was acting out the purposes for which defendant kept him in its service—he was within the scope of his employment and defendant was bound.

There was no error and the judgment is affirmed. All concur.