MOTT STORE COMPANY, Respondent, v. ST. LOUIS & SAN FRANCISCO RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, June 20, 1914.

1. **COMMON CARRIERS: Interstate Commerce: Action for Recovery of Freight Overcharge: Jurisdiction of State Courts.** An action by a shipper of an interstate shipment, to recover freight charges paid under protest, in excess of the charges specified in the contract of shipment, where the carrier does not show that a higher or other rate than the contract rate had been promulgated and put into effect in accordance with the Interstate Commerce Act, is maintainable in the State courts.

2. **————: ————: Right to Fix Freight Rate by Contract.** A freight rate on interstate shipments, put in force by a common carrier in accordance with the Interstate Commerce Act, is conclusive on the carrier and shippers, and a contract for a lower rate is invalid; but where no such rate has been put in force by the carrier, the carrier and the shipper may make a valid contract, fixing the rate.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley,* Judge.

AFFIRMED.

*W. F. Evans, Moses Whybark* and *A. P. Stewart* for appellant.

The court had no jurisdiction of the subject-matter of the cause of action pleaded in the first count

of the petition. State courts have no jurisdiction of an action for damages for overcharge in freight on an interstate shipment, jurisdiction of such an action being exclusive in the Federal courts. Sec. 9, 24 U. S. Stat. at Large, 379; Swift v. Railroad, 58 Fed. 858; Van Patten v. Railroad, 74 Fed. 981; Edmunds v. Railroad, 80 Fed. 79; Railroad v. Manufacturers Assn., 165 Fed. 1; 91 C. C. A. Rep. 39; Carlisle v. Railroad, 168 Mo. 652; Railroad v. Sloop, 200 Mo. 198.

*Ward & Collins* for respondent.

ALLEN, J.—Plaintiff's petition herein contains two counts. In the first count it is alleged that the defendant railroad company received from plaintiff and agreed to transport from Marston, Missouri, to the city of Vicksburg, Mississippi, one carload of corn, at an agreed freight rate of fourteen cents per one hundred pounds, "or for the ordinary price which was afterwards determined to be as above stated," amounting to the sum of $52.64; but that defendant, upon the arrival of said shipment at Vicksburg, Mississippi, charged and collected the sum of $148.86, as and for its freight charges upon such shipment, which plaintiff paid, under protest, in order to prevent said corn from being sold to pay such charges. And plaintiff prayed judgment for the said excess freight charges, to-wit, $96.22.

The second count was for the loss of one car load of corn delivered to defendant for shipment from Marston, Missouri, to Vicksburg, Mississippi. There is no controversy on appeal as to this count, and it need not be further noticed.

The answer of the defendant was a general denial, coupled with a plea that the circuit court of Pemiscot county had no jurisdiction of the cause set forth in the first count of the petition, for the reason that the shipment in question was an interestate shipment,

"not governed or controlled by the laws of Missouri," and that the State court has no jurisdiction in an action to recover an alleged overcharge on such a shipment.

The cause was tried before the court, without a jury, and judgment was rendered in plaintiff's favor on both counts of his petition, from which the defendant has appealed to this court.

The only point in controversy relates to the jurisdiction of the circuit court with respect to the cause of action contained in the first count of the petition.

Learned counsel for appellant urge that the right to sue for damages for overcharges growing out of the violation of the Interstate Commerce Act is exclusive in the courts of the United States, by the terms of the act itself, and that State courts have no jurisdiction whatsoever in cases involving a violation thereof. But whether the State courts are deprived of jurisdiction in actions involving overcharges under the Interstate Commerce Act is a matter which we need not here pass upon. Our courts have frequently entertained jurisdiction in such cases, their jurisdiction apparently not being questioned. [See Dunne & Grace v. Railway Co., 166 Mo. App. 372, 148 S. W. 997; Sutton v. Railroad, 159 Mo. App. 685, 140 S. W. 76; Gerber v. Wabash Railway Co., 63 Mo. App. 144. But see Northern Pac. Ry. Co. v. Pac. Coast Lumber Mfrs. Assn., 91 C. C. A. Rep. 39; Sheldon et al. v. Wabash R. Co. et al., 105 Fed. Rep. 78; Van Patten v. Chicago, M. & St. P. R. Co., 74 Fed. Rep. 981; Wabash v. Sloop, 200 Mo. 198, 98 S. W. 607; Carlisle v. Mo. Pac. Ry. Co., 168 Mo. 652, 68 S. W. 898.]

But this question is not in this case, for it is quite clear that this is not an action under or involving the Interstate Commerce Act. Plaintiff sued upon a contract of shipment, as for an agreed freight rate, to recover excess charges which he had been compelled to pay in violation of the contract. The defendant

merely interposed a general denial and a plea to the jurisdiction. Plaintiff introduced evidence tending to support the cause of action pleaded in the first count of his petition. Defendant, on the other hand, offered no testimony whatsoever. Defendant did not plead or prove that any rate for such a shipment, higher or other than the contract rate, had been promulgated and put into effect in accordance with the Interstate Commerce Act. In fact, nothing was shown as to the existence of any rate in force under the Federal law respecting such a shipment, whereby the contract pleaded was rendered invalid. Had it appeared that a higher freight rate had been put in force in accordance with the provisions of the Interstate Commerce Act, there can be no doubt that such rate would have been conclusive on the parties, and that no valid contract for a lower rate could have been made. [See Dunne & Grace v. Ry. Co., supra, l. c. 377; Wabash v. Sloop, supra, l. c. 218; Texas & Pac. Ry. Co. v. Mugg, 202 U. S. 242.] But such was not here shown to be the case; and therefore nothing appears whereby to deprive the parties of the right to make a valid contract such as that sued upon. [See Wabash Railway Co. v. Sloop, supra, l. c. 218.]

The case last cited appears to go too far in holding that rates filed with the Interstate Commerce Commission, and approved and published by the latter, are not in force unless duly posted by the carrier at each station upon its route, as provided by the Interstate Commerce Act. [See Texas & Pac. Ry. Co. v. Cisco Oil Co., 204 U. S. 449; Mires v. Railroad, 134 Mo. App. 379, 114 S. W. 1052.] But we are not here concerned with this question; for it was not shown that the defendant had in any manner complied with the Federal law with respect to establishing a rate governing such a shipment. It was not made to appear that any rate was ever filed with or approved

by the Interstate Commerce Commission, or in any manner promulgated as and for a lawful freight rate.

There is therefore absolutely nothing to deprive the State court of jurisdiction over the cause of action set up in the first count of plaintiff's petition, it being an action for damages for a breach of the contract of shipment pleaded, and nothing whatsoever appearing to make the agreed freight charges unlawful. [See Wabash Railroad Co. v. Sloop; Carlisle v. Railroad, supra.]

The judgment should therefore be affirmed, and it is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.