A. R. EMORY, Appellant, v. M. H. ARNOLD, Respondent.

St. Louis Court of Appeals, June 20, 1914.

1. **ACTION: Commencement.** The filing of a petition and suing out of process thereon is the commencement of an action in a court of record, under section 1756, R. S. 1909.

2. **REPLEVIN: Right of Action: Possession of Defendant.**
Replevin to recover chattels is not maintainable unless defendant is in either actual or constructive possession of them at the time the action is instituted, even though he has such possession at the time the writ is served; the institution of a suit being the filing of a petition and suing out of process thereon.

3. ————: ————: ————. Plaintiff came into possession of certain chattels by virtue of a writ of replevin issued by a justice of the peace. After dismissal of the suit, because the amount involved exceeded the justice's jurisdiction, plaintiff directed the constable to return the chattels to defendant, but before the constable had done so and while the chattels were in his possession, plaintiff instituted another action in replevin in the circuit court and sued out process therein. *Held*, that the constable, in executing plaintiff's order, was acting merely as plaintiff's agent, and that his possession was plaintiff's possession, and not constructively the possession of defendant, and hence the suit could not be maintained, since defendant was not in either actual or constructive possession of the chattels at the time it was instituted.

Appeal from Stoddard Circuit Court.—*Hon. W. S. C. Walker*, Judge.

AFFIRMED.

*Wammack & Welborn* and *K. C. Spence* for appellant.

(1) When the replevin suit in the justice court was dismissed and the property was redelivered by the plaintiff to the constable to be turned over to the defendant, the defendant being unwilling that the plaintiff should have the possession of it, it was wrongfully detained by the defendant, within the meaning of the law of replevin. Sec. 2637, R. S. 1909; Teeple v. Dickey, 94 Ind. 124; McArthur v. Carrie, 32 Ala. 75; Henderson v. Felts, 58 Ala. 590. (2) If the defendant has such control over the property that he may deliver the possession of it, if he so desire, or cause the possession to be delivered to the plaintiff and his actions prevent the plaintiff from taking the posses-

sion, he is detaining the property. It is sufficient if he has either the actual possession or the control of the property. Maloney v. Neville, 128 Mo. App. 617; Feder v. Abraham, 28 Mo. App. 454; Davis v. Randolph, 3 Mo. App. 454; Cobbey on Replevin (2 Ed.), Secs. 431, 433.

*Geo. Munger* for respondent.

Under the facts stated in the petition appellant was entitled to no relief. R. S. 1909, sec. 2637; Singer Mfg. Co. v. Senn, 7 Mo. App. 585; Furnishing Co. v. Wallace, 21 Mo. App. 128; Benedict & Burnham Mfg. Co. v. Jones, 60 Mo. App. 219; Story v. Ins. Co., 61 Mo. App. 534; Boatmen's Sav. Bank v. McMenamy, Admr., 35 Mo. App. 203; Campbell v. Carroll, 35 Mo. App. 646.

NORTONI, J.—This is a suit in replevin. The finding and judgment were for defendant and plaintiff prosecutes the appeal.

The principal question for consideration relates to the matter of the possession of the property at the time the suit was instituted. Plaintiff claims the right to the property under a chattel mortgage executed to him by defendant for the purpose of securing a promissory note. On May 15, 1911, defendant executed to plaintiff a promissory note in the amount of $509.75, which, according to its terms, became due on October 15, 1911. This note is secured by a chattel mortgage executed by defendant to plaintiff, covering certain farm implements, horses and cows. Plaintiff demanded possession of the property of defendant, and, upon defendant's denial of the request, he instituted a suit in replevin therefor before a justice of the peace. A writ issued, and the property involved was taken from the possession of defendant by the constable and given into the possession of plaintiff.

It is said there remained due and unpaid on the note at that time about $375. In the affidavit for replevin filed before the justice, the value of the property covered by the chattel mortgage was alleged to be $700.

Before this replevin suit so instituted before the justice of the peace was tried, and on the 28th day of October, plaintiff dismissed the suit, for the reason the amount involved exceeded the jurisdiction of the justice of the peace. After so dismissing the suit before the justice, plaintiff continued to retain possession of the property for a couple of days, that is, until the morning of October 30, at which time he directed the constable, Clodfelter, to return it to defendant, who resided some ten miles distant from the place where plaintiff then had the property in his possession. On the same morning plaintiff instituted this suit in replevin in the circuit court against defendant for the possession of the identical property involved in the prior case before the justice, which was dismissed because it exceeded the jurisdiction of the justice court. The constable consumed several hours in transferring the property from the place where plaintiff gave it into his possession to defendant's farm, and it appears that, while he was so engaged, the present suit was instituted in the circuit court. It seems to be conceded that the present suit in replevin was instituted before the constable had reached defendant's farm and delivered the property to him. But there is a conflict in the testimony as to the actual possession of the property at the time the writ was served. The evidence on the part of plaintiff tends to prove that the sheriff served the writ in the instant case on defendant after the constable had reached his farm and delivered the property to him, while the evidence on the part of defendant is to the effect that the service of the writ was had before the property came into his possession from the constable. Our statute (Sec. 2637) provides that replevin will lie in the circum-

stances therein stated when the property is "wrong-fully detained by the defendant." A sharp issue of fact was made in the case as to whether or not the property involved here was in possession of and wrongfully detained by defendant at the time the present suit was instituted. The jury found the property was not in defendant's possession at the time and that it was, therefore, not detained by him.

The court instructed the jury that unless defendant was in possession of the property at the time of the institution of the suit, the verdict should be for him; and it is urged that this was error. The argument is that, though the property was in possession of the constable en route from plaintiff's premises to the farm of defendant for delivery to him, at the time of the institution of the suit, it was nevertheless constructively in possession of defendant. But we are not so persuaded. It may be conceded that replevin will lie for goods in either the actual or constructive possession of defendant, for such seems to be the rule well established. [Wells on Replevin (2 Ed.), sec. 137.] It is certain that the property here involved was not in the actual possession of defendant at the time the present suit was instituted and, indeed, so much is conceded. The constable in nowise represented defendant while transporting the property from plaintiff's premises—a distance of some ten miles—to the farm of defendant. Indeed, it does not appear that defendant was even advised concerning the matter of the constable's being instructed by plaintiff to do so. Plaintiff dismissed the replevin suit pending before the justice on the 28th day of October, and two days thereafter—on the morning of the 30th—he gave the property into possession of the constable with instructions to deliver it to defendant. While section 7768, Revised Statutes 1909, provides that in event an additional replevin bond is not given by plaintiff who has the property in his possession, when required by

the justice, that officer may make an order that the constable retake the property and deliver it to the other party, there is no provision whatever in the statute with respect to the duty of the justice to make an order, or of the constable to execute it, in event the suit is dismissed for want of jurisdiction in the justice to hear and determine the case. Section 7782 provides no more than that, if such a case is dismissed for want of jurisdiction, the defendant shall have a right of action upon the bond against the plaintiff and his surety. Therefore, when the case before the justice was dismissed for want of jurisdiction, the duty was devolved .upon plaintiff, and not upon the constable as an officer, to return possession of the property to defendant. In performing this duty plaintiff selected the constable as his agent in the matter, and obviously the possession of the constable was that of plaintiff during the interim. While the constable was en route performing the agency so conferred upon him by plaintiff, the present suit in replevin was instituted in the circuit court for possession of the identical property.

By section 1756, Revised Statutes 1909, it is provided that the filing of the petition in a court of record and the suing out of process thereon shall be taken and deemed the commencement of a suit. It is the settled rule of decision in this State that, in order to enable plaintiff to maintain the action of replevin, defendant must be in possession of the property at the commencement of the action. [See Davis v. Randolph, 3 Mo. App. 454.] The possession essential to support the action is to be determined by reference to the time the suit is instituted, and not by reference to the time at which the writ is served. [See Rogers v. Davis, 21 Mo. App. 150. See, also, Barnes v. Plessner, 137 Mo. App. 571, 119 S. W. 457; Morrow v. Pryor, 125 Mo. App. 344, 102 S. W. 582.] Moreover,

Wells on Replevin (2 Ed.), sec. 137, thus states the general law ·on the subject:

"As has been stated, the action is in the nature of a proceeding *in rem* for the delivery of the identical goods, and in such actions the defendant must have the actual or constructive possession of the property sued for at the time the suit is brought, as the action lies only against one who has such possession and can deliver the goods sued for. Proof, therefore, that the defendants were about to take possession, but had not actually done so, will not sustain the action; nor will proof that the defendant intended or agreed to con-vert the goods to his own use, amount to a conversion, without some actual interference with the property."

But it is said that here defendant must be regarded as being in constructive possession of the property at the time of the institution of the suit, for the reason the dismissal of the prior case before the justice placed the parties in the *statu quo* which obtained prior to the institution of the suit before the justice. The case of Teeple v. Dickey, 94 Ind. 124, is relied upon in support of this view. If the prior suit instituted before the justice of the peace and involved in the instant case had been dismissed for the failure to give a new and sufficient bond under an order of the justice and the constable was directed by that officer to return the property to defendant, it may be the authority relied upon by plaintiff would prevail. But no such question is before us. Such was the case in judgment before the Indiana court. The court in its opinion cited the Indiana statute, to the effect that it was the duty of the justice, on dismissing the case for plaintiff's failure to give the bond required, to enter judgment for the return of the property to defendant. This the justice did. Under such judgment of the justice, the constable in that case was given possession of the property by order of the justice and authorized by statute to make the delivery to defendant. While

the constable was thus in possession and in the performance of the duty enjoined by law, in delivering the property to defendant, a second suit in replevin was instituted for the same property by the original plaintiff against the original defendant. On these facts the court declared the judgment of dismissal and for the return of the property by the constable to defendant placed it constructively in possession of the latter so as to authorize the replevin. The right of plaintiff to further withhold the property having terminated, by construction the possession was cast, under the statute, on defendant. Although the rule of that case may be a sound one, the facts here are not the same. In the instant case the constable was in nowise acting in the authority of his office under an order of the justice, authorized by statute, nor as the representative of defendant, when the writ of replevin was sued out. On the contrary, he was acting at the time for plaintiff and as his agent, without authority of law whatever. Obviously the possession of the constable was not the possession of defendant either actual or constructive.

The point made with respect to the form of the judgment is sufficiently disposed of by what is said in the case of Stroud v. Morton, 70 Mo. App. 647, and it is unnecessary to discuss it.

The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.