GEORGE COCHRAN and RACHEL HAGEY vs. THE MAYOR and
    COUNCIL OF WILMINGTON.

*Trespass—Possession—Nominal   Damages—Actual   Damages—
    Wrongful Entry—Condemnation of Street or Public High-
                    way—Prescription.*

1.   Trespass is an injury to the possession of another.   In order to
entitle the plaintiffs to a recovery he must first show that he was in lawful
possession of the lands upon which it is alleged the trespass was committed,
and, second, that the alleged trespass was in fact committed by the defen-
dant or its servants, agents or employees.

2.   If the jury find that the place upon which the trespass is alleged
to have been comitted was a public highway and that the work complained
of was done in the bed of such highway, then the plaintiffs would not be
entitled to recover for any damages for acts committed within the limits
of said highway.

3.   Any unlawful entry upon another's land constitutes a trespass,
and the law implies damages for such a trespass, but the amount depends
upon the damage actually done.

(*March* 30, 1909.)

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

*Lilburn Chandler* for plaintiffs.

*Sylvester D. Townsend, Jr.,* City Solicitor, and *Reuben Sat-
terthwaite, Jr.,* Assistant City Solicitor, for defendants.

Superior Court, New Castle County, March Term, 1909.

ACTION OF TRESPASS (No. 19, November Term, 1906), to
recover damages for certain alleged trespasses on farm lands
which the plaintiffs held as tenants under a demise, the said lots
being situate within the limits of the City of Wilmington.   The
damages as alleged consisted of the destruction of forty panels of
fence, by the employees of the City of Wilmington, who were
opening a street across said lands.   Plaintiffs also alleged that by
reason of the destruction of said fence cattle roamed over their

cornfield and destroyed much of the growing corn.   Damages were also claimed to a grass field by reason of the City employees tramping across the same.

### PLAINTIFF'S PRAYERS.

1.   Mere possession is sufficient in law for one having it to maintain the action of trespass.

2.   To entitle the plaintiff to nominal damages, it is enough to prove the entry by the defendant.

3.   In assessing damages, the jury may ascertain how much less the property was worth in consequence of the injury, and they may also ascertain the market value of the crops if they had not been injured by the trespass.

4.   Every wrongful entry on the lands of another is a trespass, from which the law implies damages.

### DEFENDANT'S PRAYERS.

1.   To charge jury to find verdict for defendant.

2.   If Thirtieth Street was legally condemned in 1892 it then and there became a public street or road and the general public was entitled to the use of said street at the width set out in said condemnation proceedings.

3.   Prescription does not run against a  municipality. *Allender vs. Mayor and Council, 7 Pennewill.*

4.   Actual damages cannot be speculative or conjectural, but must be specifically proven.

BOYCE., J, charging the jury:

Gentlemen of the jury:—We decline to instruct you to find for the defendant.

This is an action of trespass brought by George Cochran and Rachel Hagey against The Mayor and Council of the City of Wilmington to recover damages for certain alleged trespasses up-

on farm lands which the plaintiffs claim they held as tenants under a demise, the said lands being situate within the limits of the City of Wilmington.

Trespass briefly stated is an injury to the possession of another.   In order to entitle the plaintiffs to a recovery in this action they must first show that they were in the lawful possession of the lands upon which it is alleged certain trespasses were committed, and second they must show that the alleged trespasses were in fact committed by the defendant, or its servants, agents or employees.

In considering this case you will dismiss from your minds altogether any acts of trespass alleged to have been committed since Oct. 11, 1906, the date upon which this action was brought and further you should not consider any alleged acts of trespass not committed by the defendant, or its agents or servants, acting under the authority of the defendant.   You will not consider anything done by Nolan Brothers after October 11, 1906, in grading Thirtieth Street or by any railway company in laying rails or erecting poles.

If you find under the evidence that Thirtieth Street was prior to October 11, 1906, and at the time of the laying of the water pipes, a public highway and that the pipes were laid in the bed of that street or highway, then the plaintiffs would not be entitled to recover for any damages for acts committed within the limits of said highway.

Any unlawful entry upon another's land constitutes a trespass and the law implies damages for such a trespass but the amount depends on the damage actually done.

It is for you to say under all the evidence in this case whether the defendant by its agents or servants did, in making the alleged surveys and in laying the water mains in Thirtieth Street, trespass upon the lands of the plaintiffs and if they did, what, if any, damage the plaintiffs sustained thereby.

Verdict, for defendant.