JAMES S. PHILLIPS, d. b. a., *vs.* MINOS S. BRITTINGHAM, p. b. r.

1. TRESPASS—ACTS CONSTITUTING—REAL PROPERTY.

Trespass lies for wrong to the possession of real property, and possession of the plaintiff, wrongful entry by the defendant, and damage therefrom are the necessary elements.

2. TRESPASS—ACTS CONSTITUTING—INTENT.

The intent of the person entering is immaterial in an action of trespass if the entry be made without justifiable cause or purpose, or license or title'

3. TRIAL—PROVINCE OF JURY—CREDIBILITY OF WITNESSES.

The credibility of witnesses is solely a question for the jury.

4. MASTER AND SERVANT—LIABILITY—INDEPENDENT CONTRACTOR.

In an action of trespass, if the defendant employed an independent contractor to cut timber on his land, and such contractor, without the authority or direction of the defendant, trespassed and cut timber on the land of another, the defendant was not liable.

5. ADJOINING LANDOWNERS—TREES ON LINE.

If a tree stands directly upon the line between two adjoining landowners, it is the common property of both, whether it be marked as a boundary or not.

6. TRESPASS—ACTS CONSTITUTIN G—TREES ON BOUNDARY.

In an action of trespass, a defendant who cuts or orders cut down trees on the boundary line of his property, and which belong to him and an adjoining owner in common, is guilty of trespass, whether he enters on the land of the adjoining owner or not.

7. TRESPASS—DAMAGES—ENTRY ON REAL PROPERTY.

A wrongful entry on real property entitles the owner to nominal damages, regardless of any injury, and he is entitled to special damages to compensate him for any injury actually incurred.

Del. cases cited: *Quillen v. Betts,* 1 *Penn.* 53.

Del Statute: *Rev. Code* (1893) *ch.* 100, *Secs.* 1 *and* 2.

(*October* 13, 1910.)

JUDGES WOOLLEY and HASTINGS, sitting.

*Daniel J. Layton, Jr.,* for plaintiff.

*Robert C. White,* for defendant.

Superior Court, Sussex County, October Term, 1910.

APPEAL FROM JUDGMENT OF JUSTICE OF THE PEACE IN AN
ACTION OF TRESPASS (No. 21, October Term, 1909), under *Secs.*
1 *and* 2, *Chap.* 100, *Revised Code* (1893), giving to justices of the
peace original, and to the Superior Court, appellate "jurisdiction
of actions of trespass * * * for direct or immediate injuries
to real property, when the damages claimed in such action do
not exceed one hundred dollars."

The case is stated in the charge of the court.

WOOLLEY, J., charging the jury:

Gentlemen of the jury:—This suit has been instituted under
those statues that give to justices of the peace, original, and to
this court, appellate "jurisdiction of actions of trespass * * *
for direct or immediate injuries to real property, when the dam-
ages claimed in such action do not exceed one hundred dollars."
(*Rev. Code, Ch.* 100, *Secs.* 1, 2).

An action of trespass of this character lies to recover damages
for injuries to the realty, committed by one who enters without
right upon the land of another. The general principle of law
that applies to this action is, that the action lies for a wrong done
to the possession of real property, and a plaintiff proving himself
in possession merely of the property, and proving an entry upon
it by the defendant, establishes against the defendant a case of
trespass, unless the defendant can prove on his part a title to the
premises, or a right otherwise, as by license or permission, to make
such entry. Therefore in order for the plaintiff to recover in an
action of trespass to real property, he is required to prove, by a
preponderance of the evidence, the three essential ingredients of
the action, which are possession of the property by himself, entry
upon it by the defendant or by one at his direction, and the
damage thereby done.

With respect to the possession of the property by the plain-
tiff, it is admitted that the plaintiff held the title to and was in
possession of the property at the time of the alleged trespass.

It is further admitted that in this case there is no dispute about party lines. By uncontradicted evidence it appears, that the plaintiff's property was bounded on the north for about eight hundred and fifty yards by property of the White heirs, that the line dividing the two properties was defined by marks upon trees, that the defendant purchased the timber upon the tract of the White heirs and subsequently purchased the tract itself.

With respect to the ingredient of entry, it is claimed by the plaintiff that the defendant approached or entered upon the land of the plaintiff and ordered or directed certain men to fell or cut down trees that were upon the line between the two properties and were marked as line trees, and that pursuant to such orders and directions, these trees were cut down and taken away. It is claimed by the defendant that he gave no such orders or directions to any one, that he did not cut down the trees himself, nor did he aid or abet any one in felling them, that he made a contract with one Figgs to cut the timber from his own tract of land, and if Figgs cut the line trees, he did it upon his own responsibility, and the trespass, if any, was Figgs' and not his.

With respect to the element of damage, the plaintiff claims in the first instance that he is entitled to damages for the mere entry, and second that he is entitled to special damages for the destruction and loss of the line trees and the injury done his young growth by the felling of tops upon them, and for the injury to his fence. The defendant, having denied the felling of the line trees, claims that the plaintiff could have sustained no loss with respect to them, and that no injury was done to the timber or premises of the plaintiff by the felling of tops, and claims therefore that the plaintiff is entitled to neither nominal nor special damages.

In an action of this character, it is not required of the plaintiff to prove that the acts alleged to have been done by the defendant were done by him with a wrongful intent. It is sufficient if it be shown that they were done without a justifiable cause or purpose, though they were done accidentally or by mistake; and if shown to have been done as alleged, they cannot be avoided by the defendant unless he shows on his part that they were done

by permission or license of the plaintiff. Of such permission or license there is no evidence in this case.

Of the testimony in this case and of the credibility of the witnesses who gave it, you are the sole and exclusive judges, and from that testimony alone you are to determine the issues presented. If you find that the defendant employed Figgs to cut his timber, and Figgs cut the line trees and broke the plaintiff's fence and otherwise injured the plaintiff's property without the authority, direction, aid or command of the defendant, then Figgs was the trespasser and the defendant is not responsible for Figgs' trespass, and your verdict should be for the defendant. If you find that the defendant neither aided, abetted or commanded any one to cut the line trees or do the other acts complained of, and that he did not do them himself, then your verdict, likewise, should be for the defendant.

It is, however, a principle of law, that if a tree stands directly upon the line between the lands of adjoining owners, so that the line passes through it, it is the common property of both, whether it be marked as a boundary or not (*Quillen vs. Betts*, 1 *Penn.* 53), and if you believe that the defendant entered upon the plaintiff's property, or without being thereon, aided or abetted any one in the trespass complained of, or ordered, incited, advised or directed the person or persons who committed the trespass, to cut the line trees and otherwise do the acts alleged, then, he , the defendant, is as liable as though he commited the act with his own hands, and your verdict should be for the plaintiff. 2 *Greenleaf Ev., Sec.* 622.

If you find that the defendant went upon the lands of the plaintiff or sent others thereupon, without leave or license, though no consequent injury be proved, the plaintiff is entitled to a verdict for nominal damages. If you find that the defendant committed, or directed to be committed the trespass complained of, and special injury resulted to the plaintiff, your verdict should be for the plaintiff for such damages as by the evidence, you find he has sustained.

Verdict for plaintiff.