# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

ST. PHILIP'S EVANGELICAL
LUTHERAN CHURCH OF
WILMINGTON, DELAWARE,

  Plaintiff,

  v.

DELMARVA POWER & LIGHT
COMPANY,

  Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. N18C-01-098 CLS

Date Submitted: May 3, 2018

Date Decided: July 31, 2018

On Defendant Delmarva Power & Light Co.'s Motion to Dismiss.

**DENIED, in part, and GRANTED, in part.**

## OPINION

David G. Culley, Esquire, Tybout, Redfearn & Pell, 750 Shipyard Drive, Suite 400, Wilmington, Delaware, 19801.  Attorney for Plaintiff.

Vicki L. Shoemaker, Esquire, Pepco Holdings, LLC, 500 N. Wakefield Drive, 92DC42, Newark, Delaware, 19702.  Attorney for Defendant.

**Scott, J.**

This action arises from an agreement between St. Philips Evangelical Lutheran Church of Wilmington (Plaintiff) and Delmarva Power & Light Co. (Defendant) by which Delmarva would relocate underground electrical transmission equipment located on the property where St. Philips built its new facility.

## Factual and Procedural Background

St. Philips brought this cause of action alleging breach of contract, fraud, and trespass and negligence. Delmarva seeks dismissal of the trespass and negligence count as well as the count of fraud. Plaintiff is seeking compensatory and punitive damages.

St. Philips owns a parcel of land located at 5320 Limestone Road in Wilmington, Delaware. The property is bounded on two sides by Limestone Road and Ferris Drive. In order to construct their new facility St. Philips was required to relocate certain underground utility cables that existed on the property prior to their acquisition of the property. In July 2015, the parties entered into an agreement for Defendant to relocate the lines. Plaintiff paid a deposit for the estimated cost of the project in the amount of $72,500. The relocation work was completed later in July 2015 for which Plaintiff was billed $116,800.

2

## **Parties Assertions**

Plaintiff alleges they entered into a contract for the relocation of underground power lines running through their property parallel to Limestone Road in Wilmington, Delaware. The complaint states Defendant undertook that work by the request of Plaintiff, and the work along Ferris Drive was undertaken by Defendant of their own accord. The complaint states this work along Ferris Drive was "more than three times as long" as the work completed along Limestone Road.[1]

Plaintiff's complaint for fraud is a claim of fraud in the inducement. Plaintiff claims they were induced to pay a deposit of $72,500 prior to the commencement of work with the assurance that a reconciliation of costs would be provided at the completion of Defendant's work. Plaintiff further alleges Defendant's conduct after work was completed is indicative of Defendant's intention not to honor the contractual terms agreed by the parties. Plaintiff claims they reasonably relied on the assurances made by Defendant that a cost reconciliation of the work requested and the work undertaken would be provided after completion. As a result of their reliance Plaintiff claims they are owed damages in the amount of the difference between the total amount paid, minus the work performed parallel to Limestone

---

[1] Pl. Resp. @8.

Road. In connection to the fraud claim, Plaintiff seeks an award of punitive damages.

Plaintiff's negligence claim seeks reimbursement for work completed to restore the land affected by Defendant's excavation work. Plaintiff claims they were cited by New Castle County and barred from continuing work until the area disturbed by Defendant was restored and stabilized. Plaintiff claims the restoration work required an additional expenditure of $4,200 for this work which should have been completed by Defendant as part of their facility relocation work.

Defendant moves to dismiss the count of fraud, and the combined count of negligence and trespass. Defendant argues Plaintiff cannot satisfy the elements of trespass, and the statute of limitations has expired for a claim of negligence.

On the count of trespass, Defendant argues they had consent to enter Plaintiff's land under the contract to relocate the power lines. Additionally, Defendant argues the existence of an easement over the land which grants Defendant privilege to enter and work on the property precludes an action for trespass as a matter of law.

As to negligence, Defendant argues the relevant statute of limitations has expired. Defendant argues the relevant statute is 10 Del C. §8107 under which "no action … shall be brought after the expiration of two years from the accruing of the

4

cause of such action."[2]  Defendant argues its work was completed as of August 12, 2015, and that shortly afterwards Plaintiff advised that their contractor completed necessary work.  Defendant argues Plaintiff should have been aware of any defect in the work performed at that time.

Additionally, Defendant argues Plaintiff has failed to meet the pleading requirements for a claim of fraud.  In their claim, Defendant alleges the complaint of fraudulent representation is not pleaded with sufficient particularity, and that Plaintiff has not provided any supporting facts to bolster a claim of fraud.  As a matter of law, Defendant urges the claim of fraud be dismissed with prejudice.

## Standard of Review

The test for sufficiency of a complaint challenged by a Rule 12(b)(6) motion to dismiss is whether a plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint.[3]  In making its determination, the Court must accept all well-pleaded allegations in the complaint as true and draw all reasonable factual inferences in favor of the non-moving party.[4]

---

[2] 10 *Del. C.* § 8107.

[3] *Spence v. Funk,* 396 A.2d 967, 968 (1978); *see Cambium Ltd. v. Trilantic Capital Partners III L.P.*, 2012 WL 172844, at *1 (Del. Jan. 20, 2012) (citing *Cent. Mortg. Co. v. Morgan Stanley Mortg. Capital Holdings LLC*, 27 A.3d 531, 537 (Del. 2011)).

[4] *Ramunno v. Cawley,* 705 A.2d 1029, 1034-36 (Del.1998); *Nix v. Sawyer,* 466 A.2d 407, 410 (Del.Super.Ct.1983).

The complaint must be without merit as a matter of fact or law to be dismissed.[5]

Therefore, if a plaintiff can recover under any conceivable set of circumstances susceptible of proof under the complaint, the motion to dismiss will not be granted.[6]

**The Law**

Defendant urges the correct statute of limitations for the negligence claim is governed by 10 *Del. C.* §8107 limiting the commencement of actions to two years after the cause of the action.[7] Plaintiff maintains the pertinent statute is the Delaware "Builders Statute".[8] The Actions subject to 2-year Limitation statute offered by Defendant relates to injuries inflicted upon personal property, the injury claimed at present is an injury to realty contemplated by the "Builders Statute."[9]

Defendant is correct in their assertion that the "Builders Statute" is a statute of repose. The "Builders Statute" provides a six-year limitation period on actions for injury to real property flowing from a deficiency in the construction or alteration of an improvement. "The limitations period begins to run at the earliest of several

---

[5] *Diamond State Tel. Co. v. University of Delaware,* 269 A.2d 52 (Del.1970).
[6] *Ramunno*, 705 A.2d at 1034; *see Cambium*, 2012 WL 172844, at *1 (citing *Cent. Mortg.*, 27 A.3d at 537).
[7] *Id*.
[8] 10 *Del. C.* § 8127.
[9] See *Nardo v. Guido DeAscanis & Sons, Inc.*, 254 A.2d 254 (Del. Super. Ct. 1969)

designated dates, irrespective of the date of the injury."[10]  The designated dates include the date of completion set forth in the contract, the date of payment and the date of substantial completion.[11]  Plaintiff's Complaint was filed January 10, 2018. The contract between the Parties was entered into on July 7, 2015.  Should the "Builders Statute" apply the earliest limitation period conceivable would be January of 2021.

Defendant argues the underground cables existed on the property prior to the agreement with Plaintiff and as such they did not engage in "construction" as required by the statute.  The statute contemplates this narrow interpretation and defines "construction" to include "alteration, [and] reconstruction […] of improvements to real property."[12]  The contract in question calls for the *relocation* of the existing underground utility lines on Plaintiff's property.   The alteration of existing lines on Plaintiff's property brings the work performed by Defendant within the scope of "construction" as defined in the "Builders Statute."

Furthermore, in *City of Dover v. Int'l Tel. & Tel. Corp.,*  the Delaware Supreme Court held that an "improvement" need not enhance the value of a property

---

[10] *City of Dover v. Int'l Tel. & Tel. Corp.,* 514 A.2d 1086, 1090 (Del. 1986) see also *Standard Chlorine of Delaware, Inc. v. Dover Steel Co., Inc.*, 1988 WL 32044, *1 (Del. Super. Ct. 1988).
[11] *Standard Chlorine of Delaware, Inc. v. Dover Steel Co., Inc.*, 1988 WL 32044, *1 (Del. Super. Ct. 1988).
[12] *Id*.

7

to be considered "improvement."[13] In that case, the Supreme Court upheld the Court's finding that the erection of a utility pole fell within the definition of construction of an "improvement" as contemplated under the statute.[14] Similarly, this Court has accepted "improvement" to include "[a] permanent addition to or betterment of real property that enhances its capital value and that involves the expenditure of labor and money and is designed to make the property more useful or valuable as distinguished from ordinary repairs."[15] The Parties agree that in order to make the property in question suitable for the construction of a new building it was necessary to expend labor and money to relocate underground utility lines. The Parties also agree the work performed was at the request of Plaintiff, indicating the work was not an ordinary repair. The Court is satisfied that the relocation of the underground utility lines so as to make the property suitable for further development falls within the purview of the Delaware "Builders Statute" and as such Plaintiff's claim of negligence is not time barred. Therefore, the expenditure of the monies to restore the area and stabilize with grass seed remains an issue.

Defendant moves for dismissal of Plaintiff's claim for trespass. Dismissal of the trespass action is appropriate. It is well settled that "any unlawful entry upon

---

[13] *City of Dover v. Int'l Tel. & Tel. Corp.*, 514 A.2d 1086, 1087 (Del. 1986).
[14] *Id*.
[15] *Standard Chlorine of Delaware, Inc. v. Dover Steel Co., Inc*., 1988 WL 32044, at *2 (Del. Super. Ct. 1988).

8

another's land constitutes a trespass."[16] More simply, "defendant must have entered onto the plaintiff's land without consent or privilege."[17] The action for trespass cannot succeed as a matter of law. The parties contracted for Defendant to enter the property to perform repairs. Therefore, Defendant was on the property legally at all times. Defendant's motion to dismiss the trespass action is granted.

## Fraud

Superior Court Civil Rule 9(b) requires claims of fraud to be pleaded with particularity. To satisfy the particularity requirement the complaint must set forth the time, place, and contents of the alleged fraudulent representation as well as the individual against whom fraud is claimed. A claim for fraud must be pleaded with the following elements:

> (1) a false representation, usually of fact, made by the defendant; (2) the defendant's knowledge or belief that the representation was false, or was made with reckless indifference to the truth; (3) an intent to induce the plaintiff to act or to refrain from acting; (4) the plaintiff's action or inaction was taken in justifiable reliance upon the representation; and (5) damage to the plaintiff as a result of such reliance.[18]

---

[16] *Cochran v. City of Wilmington*, 77 A. 963, 963 (Del. Super. Ct. 1909); See also *Williams v. Manning*, 2009 WL 960670, at *8 (Del. Super. Ct. Mar. 13, 2009).
[17] *Williams v. Manning*, 2009 WL 960670, at *8 (Del. Super. Ct. Mar. 13, 2009).
[18] *Crowhorn v. Nationwide Mut. Ins. Co.*, 2001 WL 695542 *4 (Del.Super., April 26, 2001) (quoting *Stephenson v. Capano Development, Inc.*, 462 A.2d 1069, 1074 (Del.1983)).

In the present case, the Complaint fails to allege with sufficient particularity any fraud that occurred prior to the Relocation Agreement's execution that induced Plaintiff into signing. Claims of fraud are held to a higher pleading standard. Plaintiff pleaded they requested work to be done along Limestone Road, however the Agreement includes work to be done along Ferris Drive as well. Plaintiff has not included the time, place, and contents of any representations made by Defendant that the Agreement is not a representation of what was negotiated. Therefore, Plaintiffs claim of fraud must be dismissed.

For the foregoing reasons, Defendant's Motion to Dismiss is **DENIED,** in part, and **GRANTED,** in part. Plaintiff's claims of Trespass and Fraud are **DISMISSED**.

**IT IS SO ORDERED.**

/s/ Calvin L. Scott

**Judge Calvin L. Scott, Jr.**

10