**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| BRENDA LEE STANSBURY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. N24C-06-074 CLS |
| ROLANDA HELM-WOULARD and | ) | |
| BARRY SECURITY, | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: February 21, 2025
Decided: March 26, 2025

## ORDER

Having considered Defendant Universal Protection Service, LLC dba Allied Universal Security Services' ("Defendant")[1] Motion to Dismiss, Plaintiff Brenda Lee Stansbury's Amended Complaint and Response to the Motion, it appears to the Court the following:[2]

---

[1] Defendant is named as Barry Security by Plaintiff.

[2] The facts described here are drawn from the Amended Complaint and all documents the parties incorporated by reference. The Court accepts those facts solely for the purpose of ruling on the Motion.

1

1.      On June 6, 2024, Plaintiff filed a Complaint,[3] which was later amended on November 13, 2024.[4]  The Amended Complaint, though brief in its assertions, alleges that Defendants "illegally" entered her apartment "without notification."[5]

2.      According to the Amended Complaint, Plaintiff was renting Apartment 2H at Luther Tower II in Wilmington, Delaware at the time of the alleged incident.[6] During her tenancy, she noticed that "on several occasions," various "items [were] removed from the apartment."[7]

3.      On January 10, 2025, instead of filing an Answer, Defendant moved to dismiss Plaintiff's Amended Complaint under Rule 12(b)(6).[8]  Specifically, it argues that the Amended Complaint fails to show: (1) Plaintiff had "exclusive" possession of the apartment; (2) Defendants entered without permission from the property owner; and (3) that Plaintiff suffered any damage resulting from the purported entry.[9] Plaintiff filed her response to the Motion on February 21, 2025.[10]

---

[3] *See generally* D.I. 1 ("Compl.").

[4] *See generally* D.I. 4 ("Am. Compl.").

[5] *See id.*

[6] *See id.*

[7] *Id.*

[8] *See generally* Motion to Dismiss of Defendant Universal Protection Services, LLC dba Allied Universal Security Services, incorrectly named as Barry Security, D.I. 20 ("MTD").

[9] *Id.* ¶¶ 4–5.

[10] *See generally* Plaintiff's Response to Defendant's Motion to Dismiss, D.I. 22.

4.     In reviewing a motion to dismiss, the Court (i) accepts all well-pled factual allegations as true, (ii) accepts even vague allegations as well-pled if they give the opposing party notice of the claim, (iii) draws all reasonable inferences in favor of the non-moving party, and (iv) only dismisses a case where the non-moving party would not be entitled to recover under any reasonably conceivable set of circumstances.[11]  The Court does not, however, accept "conclusory allegations that lack specific supporting factual allegations."[12]

5.     The Court acknowledges that *pro se* litigants' submissions are to be viewed with more forgiving eyes.[13]  A liberal reading of Plaintiff's Amended Complaint avers one count of trespass.[14]

6.     To establish a prima facie case of trespass, Plaintiff bears the burden to show that: "(1) the plaintiff must have lawful possession of the land; (2) the defendant must have entered onto the plaintiff's land without consent or privilege; and (3) [] damages."[15]

---

[11] *See ET Aggregator, LLC v. PFJE AssetCo Hldgs. LLC*, 2023 WL 8535181, at *6 (Del. Super. Dec. 8, 2023).

[12] *Id.* (quoting *Ramunno v. Cawley*, 705 A.2d 1029, 1034 (Del. 1998)).

[13] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Erickson v. Pardis*. 551 U.S. 89, 94 (2007).

[14] A complaint needs to "put[] the opposing party on notice of the claim being brought against it." *Precision Air, Inc. v. Standard Chlorine of Delaware, Inc.*, 654 A.2d 403, 406 (Del. 1995) (citing *Diamond State Tel. Co. v. Univ. of Del.*, 269 A.2d 52, 58 (Del. 1970)). Here, Defendant "[presumes]" that the Complaint is alleging trespass.  MTD ¶ 3.

[15] *Williams v. Manning*, 2009 WL 960670, at *8 (Del. Super. Mar. 13, 2009) (citing *Cochran v. City of Wilmington,* 77 A. 963 (Del. Super. 1908)).

3

7. For the first element, Defendant does not dispute Plaintiff was renting the apartment.[16] Instead, it argues that Plaintiff "does not have 'exclusive' possession of the premise in question."[17] Defendant does not cite to any case law to support this contention regarding a tenant's possessory rights. Rather, it appears to the Court that the "exclusive[ness]" concept stems from *State ex rel. Jennings v. Monsanto Co.*[18]

8. *State ex rel. Jennings* is a case concerning the State's authority to bring an action for trespass based on alleged PCB contamination.[19] That court addressed whether the State had "standing" to bring a trespass claim on behalf of its citizens.[20] The situation here is fundamentally different.

9. A residential tenant has a direct leasehold interest that confers possessory rights. Delaware law has long recognized that a tenant in actual and lawful possession may bring a claim for trespass.[21]

> "Damages may be sought for a wrongful act of a third person that interferes with or disturbs the tenant's possession, use, or enjoyment of the premises. . . . The right of action for injury to the possession belongs

---

[16] "Thus, there is no dispute that Plaintiff was renting the apartment." MTD ¶ 4.

[17] *Id.*; *see also id.* ¶ 5.

[18] *Id.* ¶ 3 (citing *State ex rel. Jennings v. Monsanto Co.*, 2022 WL 2663220 (Del. Super. July 11, 2022), *aff'd in part, rev'd in part and remanded*, 299 A.3d 372 (Del. 2023)).

[19] *See State ex rel. Jennings*, 2022 WL 2663220.

[20] *Id.* at *4–6.

[21] *Jasinski v. Singer*, 2024 WL 1257999, at *3 (Del. Ch. Mar. 25, 2024).

exclusively to the lessee, …because the lessee has the exclusive right of possession."[22]

Plaintiff, therefore, has adequately presented the first element for the claim of trespass.

10.     For the second element, again, citing no case law in support, Defendant argues that the Amended Complaint fails to show "that Barry Security did not have permission from the owner to enter the apartment."[23]  This argument is unavailing.

11.     A plaintiff needs only demonstrate "himself in possession merely of the property. . . ."[24]  It is defendant, who needs to prove "on his part a title to the premises, or a right otherwise, as by license or permission, to make such entry."[25]  Drawing all reasonable inference in favor of Plaintiff, as the Court must at this stage, the Amended Complaint sufficiently alleges an unauthorized entry without consent or privilege.

12.     Lastly, for the third element, Plaintiff listed items that she noticed were removed from her apartment.[26]  While Defendant contends that Plaintiff "fails to allege any damages she suffered,"[27] the Court finds that the allegation of missing

---

[22] *Id.* (citations omitted).

[23] MTD ¶ 5.

[24] *Phillips v. Brittingham*, 25 Del. 173, 77 A. 964, 964 (Del. Super. Ct. 1910).

[25] *Id.*

[26] *See* Compl.

[27] MTD ¶ 4.

personal property constitutes a sufficiently pled claim of damages. The loss of personal property is a cognizable harm that satisfies the damages element at the pleading stage.

13. In viewing the pleadings in the light most favorable to Plaintiff and drawing all reasonable inferences in her favor, the Court finds that Plaintiff has stated a claim for trespass upon which relief could be granted. Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) is therefore **DENIED**.

**IT IS SO ORDERED.**

*/s/Calvin Scott*

Calvin L. Scott, Jr.
Judge

6